## THOMPSON vs. CLOPTON.

[ACTION ON OPEN ACCOUNT COMMENCED IN JUSTICE'S COURT.]

1. *Waiver of plea in abatement to jurisdiction of justice.*—In an action commenced in a justice's court, if the defendant suffers judgment by default to be rendered against him, from which he takes an appeal to a jury, and afterwards removes the case by appeal to the circuit court, he cannot there plead in abatement on account of his being a freeholder and resident citizen of another county.

APPEAL from the Circuit Court of Benton.

Tried before the Hon. WILLIAM M. BROOKS.

THIS action was brought by Jesse Clopton, an infant, suing by his next friend, against Robert Thompson; and was commenced before a justice of the peace. The justice

rendered a judgment by default against the defendant, who afterwards took an appeal to a jury; and the jury having returned a verdict for the plaintiff, the defendant removed the case by appeal to the circuit court, and there pleaded in abatement that he was a freeholder and resident citizen of Tallapoosa county. The action of the circuit court in striking out this plea, to which the defendant excepted, is the only matter now assigned as error.

M. J. TURNLEY, for the appellant.

GEORGE C. WHATLEY, contra.

STONE, J.—If the appellant, at the time he was sued before the justice of the peace in Benton county, was a freeholder, and a resident citizen of another county, he had the clear right to plead these facts in abatement of the suit; and upon proving his plea, the necessary result would have been, that the court would have repudiated the cause. Whether, if the defendant had interposed this plea before the justice of the peace, and, failing to obtain a decision upon it in his favor, had there made an unsuccessful attempt to defend before the justice on the merits, he would thereby have abandoned the right to renew his plea in abatement after appealing to the circuit court, is a question which we need not decide in this case. Neither are we called on to decide whether, in a case commenced in a justice's court, and carried by appeal to the circuit court, the defendant, to entitle himself to make this defense in the latter court, must have interposed the plea in the justice's court.—See Read v. Coker, 1 Stew. 22; Clough v. Johnson, 9 Ala. 425.

The defendant, after the judgment was rendered against him by the justice, took an appeal, under a statute of force in that county, to a jury to be called before the justice. He there entered into a trial on the merits; and the result was, a verdict and judgment against him. This trial on the merits was had at his instance. It was not a proceeding into which he was forced by the act of the opposite party; and we hold, that this operated a

waiver by him of all objection to the jurisdiction of the courts of Benton county.—Lampley v. Beavers, 25 Ala. 534; Lea v. Thompson, 28 Ala. 454; Gager v. Gordon, 29 Ala. 344.

The circuit court did not err in striking out the plea in abatement, as the defendant had forfeited his right to interpose that defense.

The judgment of the circuit court is affirmed.