# Noles *v.* Marable.

*Detinue for Yoke of Oxen.*

1. *Plea in abatement ; when to be filed.* — A plea in abatement, in a justice's court, must be filed at the first term at which the case stands for trial, and comes too late after a general continuance; and when thus waived, by the failure to file it in proper time before the justice, the right to plead it is not revived on appeal to another court.

2. *When bailee may maintain detinue.* — A bailee, with whom a yoke of oxen are left " as a pawn or indemnity " for the return of a hired horse, may maintain detinue for them against any person who does not show a better title.

3. *Abstract charge.* — A charge asked, if abstract, may be refused for that reason, although it asserts a correct legal proposition.

APPEAL from the Circuit Court of Chambers.
Tried before the Hon. L. B. STRANGE.

E. G. RICHARDS, for appellant.

DENSON & HOLMES, *contra*.

PETERS, C. J. — This is an action of detinue for a yoke of oxen, commenced before a justice of the peace in Chambers county, on the 4th day of April, 1872, by Marable as plaintiff, against Noles as defendant. The warrant issued by the justice on April 4, 1872, was made returnable on the 13th day of April, 1872, and was served on the day it was issued. At the April term of the justice's court, to. which said warrant was made returnable, the cause was " continued by consent of parties ; " and at the May term afterwards, to wit, on May 11, 1872, the defendant Noles pleaded in abatement, that he was a freeholder of this State, having a permanent residence in Clay county in this State, at the time the action was brought. This

[Noles v. Marable.]

plea was properly verified by affidavit, and filed "in open court," on the said 11th day of May, 1872. The justice refused to receive it, on objection of the plaintiff, and the defendant then proceeded to trial on the merits before the justice; whereupon the justice rendered judgment against him, and assessed the value of the steers at $45, besides costs. From this judgment, Noles appealed to the circuit court of said county, and there again interposed his plea in abatement at the term to which the appeal had been made returnable; but that court again refused to allow it, and the defendant excepted. After this, the defendant pleaded to the merits, and went to trial by a jury. The verdict of the jury was for the plaintiff, and they assessed the value of the oxen at $35, and the damages for detention at $15. The court thereupon entered judgment in accordance with this verdict, and for costs. From this judgment the defendant Noles appeals to this court, and here assigns the following errors: "1. The court erred in excluding the plea in abatement filed in the justice's court. 2. The court erred in sustaining the demurrer to the plea of abatement filed in the circuit court. 3. The court erred in refusing the charges asked."

1. An action of detinue, in a justice's court, stands for trial at the return term of the warrant, unless cause be shown for a continuance. Rev. Code, §§ 2660, 3220. In such a suit, the parties should come prepared for trial at the first term. The great purpose of that jurisdiction is, the convenient and speedy and cheap adjustment of litigations in which the amounts involved are small. And in that court, as in the circuit court, the plea, unless it is a plea since the last continuance, has reference to the trial term of the cause. In the magistrate's court, the plea need not be in writing, unless it is a plea requiring an affidavit to verify it. The plea offered and rejected in this case, in the justice's court, was such a plea. It was a plea in abatement, offered at a term of the court after the trial term. Rev. Code, § 2562. After the trial term, when the pleadings should be made up, unless some sufficient reason exists for granting longer time, it is discretionary with the court to allow such a plea or not. In *Vaughan* v. *Robinson*, 22 Ala. 519, this court, in defining the rule as to the time of pleading in abatement, use the following language: "But the rule applies, and is generally pretty rigidly adhered to, that pleas in abatement must be filed at the appearance term, and within the time allowed for pleading; and if not so filed, they are to be rejected, unless further time is allowed. After a general continuance, the plaintiff being in no default, matter existing, and which could have been pleaded at a previous term, cannot be pleaded in abatement, as a general rule." CHILTON, C. J. 22 Ala. 528. This was the con-

[Noles v. Marable.]

clusion of this court, after a review and correction of the former cases on the same subject. It was so settled now more than twenty years ago. We think it most proper not to disturb it. Then, the appellant, who was the defendant below in this case, by joining in a general continuance in the justice's court, at the return term of the warrant and the trial term of the cause, waived and abandoned his right to plead any matter then existing, in abatement, at a subsequent term of the justice's court. *Lampley* v. *Beavers*, 25 Ala. 534. And this right, having been once abandoned in the magistrate's court, cannot be revived by an appeal to the circuit court. On such an appeal, the case must be tried according to *equity and justice*, without regard to any defect in the summons, or other proceeding before the justice. Rev. Code, § 2772; *Thompson* v. *Clopton*, 31 Ala. 647. A cause tried according to equity and justice, must be tried on its merits. A plea in abatement does not present any issue on the merits. A judgment on such a plea is not conclusive, except of the present suit. But a judgment on a plea to the merits, or upon the equity and justice of the case, is conclusive of any other suit on the same cause of action. 1 Greenl. Ev. §§ 528, 534; 39 Ala. 489; 36 Ala. 483; 25 Ala. 300; 9 Ala. 973. There was no error, then, in the rejection of the plea in abatement in the justice's court, after a continuance in that court, to which the defendant consented. The circuit judge refused to allow the same plea, which was offered in that court, " because it came too late." There was also no error in this. 31 Ala. 647, *supra.*

2. There is no error assigned upon the charge given by the court on the trial, which was excepted to. It will be presumed that this exception is waived, and not intended to be insisted on in this court. *Micou* v. *Tallassee Bridge Co.* 47 Ala. 653. It is only the charges which were asked by the appellant below, and refused by the court, that are assigned as error. There were two of these charges : The first was in this words : " To sustain the action of detinue, the plaintiff must have the entire legal title to the chattel." The evidence tended to show, that the oxen in controversy belonged to one Grimes, who had put them in the possession of the plaintiff below, " as a pledge or indemnity for a horse " that said plaintiff, as the keeper of a livery-stable, had hired to Grimes, to ride a few miles and return. This was early in the morning, on the 14th day of February, 1872. Grimes ran off with the horse, and never returned him. This was in Chambers county in this State. At that time, the defendant had a mortgage on the same oxen, given to him by Grimes to secure a debt in the county of Clay, also in this State, on the 31st day of January, 1872, but which was not deposited in the office of the judge of probate of Clay

[Noles v. Marable.]

county for record, until the 15th day of February, 1872, the day after the oxen were pledged to the plaintiff Marable, as above said. The mortgage matured on the 1st day of April, 1872, and the defendant Noles got possession of the oxen on the 3d day of April, after the law day of the mortgage; but it is not shown how this possession was acquired. Marable had no notice of the mortgage when the oxen were delivered to him in pledge by Grimes, as above said.

The evidence tends to show that Marable's title was that of a pawnee, and there was no one that participated with him in this title. This was a legal title to the possession. Story's Bailm. § 7. It gave Marable a special property in the thing pledged. Such a right to the possession will sustain an action of detinue by the bailee. "A person who has only a special property, as a bailee, may also support this action, where he delivered the goods to the defendant, or they are taken out of such bailee's custody." 1 Chitt. Pl. p. (122); 4 Bing. 106; *Reese* v. *Harris*, 27 Ala. 301; 2 Pars. on Cont. p. 110. The proof here tends to show that the title as bailee was, exclusive of all others, in the plaintiff alone. This entitled him to recover, if the defendant did not show a better title. *Parsons* v. *Boyd*, 20 Ala. 112.

3. The refusal of the charge asked did not injure the defendant. The evidence before the jury did not require it to be given. It was, as to the case before the court, a mere abstract proposition. There was no one who disputed Marable's title as bailee. It was not error to refuse a charge not based on the case made in the record, though the proposition of law it contained was correct.

The second charge, asked and refused below on the part of the defendant, is in these words: "That if Grimes removed the oxen from Clay county, with the view to delay or defraud Noles (the mortgagee), that he is a trespasser, and no —— can be acquired under him." This charge was also abstract, besides being unintelligible. There is no evidence whatever tending to show that "Grimes removed the oxen from Clay county with a view to delay or defraud Noles." A charge must be pertinent to the evidence, and it must be intelligible, or it may be refused by the court. 1 Brickell's Dig. p. 340, § 64.

It is not intended to be decided in this case, that a resident freeholder can be sued out of the county of his freehold and permanent residence, but only that the plea that raises this issue is in abatement, and must be pleaded and filed at the return of the warrant or summons.

The judgment of the court below is affirmed.