# Glaze *v.* Blake.

*Statutory Action for Recovery of Personal Property in Specie;*
*Statutory Certiorari from Justice's Court.*

1. *Declarations not part of res gestœ.*—Declarations by the wife of her intention to purchase a mule with money then paid to her, and her husband's subsequent declarations that he had bought the mule in controversy for her, are not competent evidence for her, as a part of the *res gestœ*, in a suit for the mule between her and one claiming under a mortgage from her husband.

2. *General objection to evidence partly legal.*—A general objection to a mass of evidence, some of which is legal, may be overruled entirely.

3. *Declarations explanatory of possession.*—Declarations of the wife, asserting her ownership of a mule, which a person was seizing under a mortgage from her husband, are admissible evidence for her, on the principle of *res gestœ*, in a subsequent action against the mortgagee.

4. *Wife's earnings; gift by husband to wife.*—Under our statutes, as at common law, the wife's earnings belong to the husband, and he cannot give them to her, to the prejudice of his existing creditors; but, as against subsequent creditors, the gift would be valid, unless tainted with a fraudulent intent.

5. *Abstract charge.*—When a charge is asked and refused, this court will presume that it was refused because it was abstract, unless the record affirmatively shows that there was some evidence in support of each fact hypothetically stated in it.

6. *Impeaching witness.*—A willfully false statement, made by a witness out of court, does not raise any presumption that his testimony is altogether false.

7. *Sale or mortgage of personal property by person in possession.*—Having

[Glaze v. Blake.]

possession of personal property, by permission of the owner, does not confer the power to sell or mortgage it, even in favor of a *bona fide* purchaser for valuable consideration without notice.

8. *Plea to jurisdiction of justice of the peace; waiver of.*—In an action for the recovery of personal property in specie, commenced in a justice's court, and carried by appeal or statutory *certiorari* to the Circuit Court, where cases so brought up are required to be tried *de novo,* "without regard to any defect in the summons or other proceedings before the justice" (Rev. Code, § 2772), no objection can be raised to the jurisdiction of the justice, on account of the value of the property exceeding the amount of which he has jurisdiction, when that question was not raised before him. (Overruling *Pearce v. Pope,* 42 Ala. 319.)

9. *Same.*—It seems that, if a justice of the peace renders a judgment in a matter of which he has not jurisdiction, or for an amount beyond his jurisdiction, it may be vacated and quashed in the Circuit Court, on *certiorari* as at common law, issued from that court, if the defect appears on the face of the papers sent up by the justice, although the objection was not raised before him.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JAMES Q. SMITH.

This action was brought by Mary Blake, against J. T. Glaze, to recover a mule, together with damages for its detention ; and was commenced before a justice of the peace, on the 2d February, 1875. On the trial, the justice rendered a judgment for the plaintiff, assessing the value of the mule at sixty-five dollars. The case was then carried by the defendant, by *certiorari* granted by the judge of probate, into the Circuit Court, where a trial was had, *de novo,* and the defendant reserved the following bill of exceptions :

"The plaintiff introduced one Ned Blake as a witness, who was her husband, and who testified that, about four years before the trial, he bought the mule in controversy, with money earned by his said wife ; that he bought said mule for his wife, and it was his wife's property. Said witness testified, also, on cross examination, that he had mortgaged the mule to Albert Elmore, for advances to make a crop ; that he had the possession and control of said mule when he so mortgaged her, and represented to said Elmore that the mule was his property, although he well knew that it was his wife's ; that the advances he received by means of said mortgage were plows, and other farming implements, clothing for his said wife, and provisions, which were consumed by himself and his family, including his wife ; and he further testified, that after so mortgaging said mule, he told his wife about it, and that she objected to said mortgage with him. The plaintiff next introduced one Jackson Morgan as a witness, who testified that, before the purchase of said mule, he counted out for the plaintiff sixty-five dollars in currency, alleged by her to be her money, with which she intended to purchase a mule ; and that her husband, said Ned Blake,

subsequently showed him the mule in controversy, stating that he had bought it for his wife, the plaintiff. The defendant objected to the above testimony of said Morgan, on the ground that it consisted of the plaintiff's declarations, not part of the *res gestæ*, and in her own interest; and that the statements of said Ned Blake were hearsay. The court overruled the objection, and the defendant excepted.

"The plaintiff next introduced D. C. Mitchell as a witness, who testified that, before the bringing of this suit, he, as the defendant's agent, went out to take possession of said mule, under the said mortgage to Albert Elmore, which had been assigned to said defendant; that he took possession of the mule under said mortgage, and delivered her to the defendant; and that the plaintiff, when he took possession of said mule, told him that it was her mule, and objected to the taking thereof under said mortgage. The defendant objected to the declarations of the plaintiff to said witness, but the court overruled the objection; to which ruling the defendant excepted.

"The plaintiff also introduced one H. R. Edmunds as a witness, who testified, that he knew the said mule, and was willing to give eighty dollars for her before the commencement of this suit; and the other witnesses as to value testified, that the mule was worth from sixty to eighty dollars. The defendant having pleaded the general issue, in short by consent, with leave to give in evidence any matter that would be admissible under any special plea, read in evidence the said mortgage to Albert Elmore;" which was dated the 18th April, 1873, and recited that the mule was the property of said Ned Blake, and that he had a right to sell or mortgage it; and its execution, probate, and transfer by said Elmore to the defendant, on the 18th December, 1873, were duly proved. "The defendant then introduced one Barker as a witness, who testified, that said Ned Blake, when he executed said mortgage to Elmore, represented said mule to be his property; that said mortgage was transferred by Elmore to the defendant, on the 18th December, 1873, for seventy dollars, which the defendant paid; that said mule had been brought into Montgomery on that day, by order of said Elmore, to be sold in satisfaction of said mortgage, but the defendant advanced the money for said Blake, and took a transfer of said mortgage to himself, allowing said Blake to retain the mule as before; that said plaintiff, so far as he knew, had never put in any claim to said mule, or given notice of any claim, until the commencement of this suit; and that he, witness, was in the employment of said Elmore, and witnessed these transactions. The defendant then testified,

[Glaze v. Blake.]

substantially, to the same state of facts as said Barker; also, that said mortgage had never been satisfied; that he had had said mule seized and sold under said mortgage before the bringing of this suit, and bought it in at the mortgage sale, having the right to do so under said mortgage; that said plaintiff had never, so far as he knew, claimed said mule until the bringing of this suit, and had never otherwise demanded said mule of him; and that the mule was worth about sixty dollars.

"The foregoing was, substantially, all the testimony introduced on the trial; and upon the foregoing testimony, and no other, the defendant asked the court, in writing," to give each one of the following charges:

"1. The jury are to decide whether or not the testimony of the witnesses is worthy of belief; and in doing so, they may look to and consider the acts, declarations, and conduct of the witnesses, in reference to the subject-matter of their testimony, prior to the time of their testifying, as well as to all the other circumstances of the case.

"2. If the acts, conduct, and declarations of the witnesses, prior to the time of their testifying, have been inconsistent with their testimony, the jury should regard this circumstance in passing upon the credibility of the testimony.

"3. A witness, shown to be willfully false in one thing, is presumed by the law to be false in all.

"4. If the jury believe, from all the circumstances of the case, as shown by the testimony, that any one or more of the witnesses are not worthy of belief, it is their duty, in making up their verdict, to disregard the testimony of such witness or witnesses.

"5. If the jury believe, from the evidence, that Ned Blake, the plaintiff's husband, mortgaged the mule in controversy to Albert Elmore, for a valuable consideration; and that said Elmore subsequently transferred said mortgage, for value, to defendant; and that defendant now holds said mule, under said mortgage; and that the plaintiff was aware of, and voluntarily assented to said mortgage, without restraint from her husband; and that her assent was fraudulent,—then the plaintiff is estopped from asserting her title to the mule, and the jury must find for the defendant.

"6. If the jury believe, from the evidence, that the plaintiff allowed her husband to mortgage the mule in controversy, and did not assert her title to it, but remained silent, and so remained silent with the intent to defraud the said Elmore and the defendant,—then the jury must find for the defendant.

"7. In determining the question, as to whether the plain-

[Glaze v. Blake.]

tiff's silence as to her title to the mule was fraudulent, the jury may look at the circumstance, that the plaintiff participated in the benefits arising from the mortgage of the mule, and never asserted her title until after the benefits were exhausted (if such appears from the testimony to be the case), as well as to all the other circumstances of the case.

"8. The earnings of the wife are the property of the husband; and if Ned Blake purchased the mule with his wife's earnings, and took the title in his own name, then the mule was his, and the jury must find for the defendant.

"9. If the jury find, from the evidence, that the defendant was a *bona fide* purchaser for value, without notice, from a person who was in possession by permission of the plaintiff, then they must find for the defendant."

The court gave the 1st, 2d, and 4th charges, as asked, but refused each of the others; to which several refusals the defendant duly excepted. The jury having returned a verdict for the plaintiff, assessing the value of the mule at seventy dollars, and the hire at twenty dollars, the defendant moved in arrest of judgment, and to dismiss the cause, on the ground that the justice of the peace had no jurisdiction of the case, and his judgment was void for want of jurisdiction. The court granted these motions, "on the payment of the costs of the case by the defendant;" to which ruling the defendant excepted, "because the court did not grant the motion absolutely and unconditionally."

The several rulings of the court on the evidence, the refusals of the several charges asked, and the refusal to dismiss the case absolutely, as above stated, are now assigned as error.

L. A. SHAVER, for appellant.—1. The court should have granted the motion in arrest of judgment, and should have dismissed the case, absolutely and unconditionally, because the justice of the peace had no jurisdiction of it. In detinue, or actions for the recovery of personal property in specie, the jurisdiction of a justice of the peace is limited to fifty dollars.—Rev. Code, § 841; *Taylor v. Wood*, 54 Ala. The judgment rendered by the justice was absolutely void, and the defect appeared on the face of the proceedings, both before him, and in the Circuit Court. The defect was in a want of jurisdiction of the subject-matter, and could not be cured by any act of the parties. The failure to plead to the jurisdiction was not a waiver of the defect, since even express consent cannot confer jurisdiction in such cases. A judgment, pronounced by a tribunal having no authority to determine the matter in issue, is necessarily and incurably

[Glaze v. Blake.]

void : it neither binds nor bars any one : it can neither confer nor take away any rights; all acts performed under it, and all claims flowing out of it, are void.—Freeman on Judgments, §§ 117, 120; *Pearce v. Pope*, 42 Ala. 321; *Crabtree v. Cliatt*, 22 Ala. 188 ; *Wightman v. Karsner*, 20 Ala. 446 ; *State v. Caroline*, 20 Ala. 19; *Jeffries v. Harbin*, 20 Ala. 387 ; *Lamar v. Commissioners' Court*, 21 Ala. 770; *Thompson v. Lea*, 28 Ala. 543 ; 2 Brickell's Digest, 158, § 21, and cases therein cited.

2. The testimony of Morgan, and also that of Mitchell, as to the plaintiff's declarations, were mere hearsay. The plaintiff herself should have been put on the stand.

3. Each of the charges asked and refused, it is believed, asserted a correct legal proposition. *Falsus in uno, falsus in omnibus*, is one of the maxims of the law. There is no good reason why the doctrine of estoppel should not apply to married women, and there is nothing in the statutes governing their separate estates which relieves them from the operation of that doctrine.

STONE, J.—The objection to the evidence of the witness Morgan, in this case, was to the mass. Mary Blake's statement to him of her intention to purchase a mule, and Ned Blake's statement afterwards, referring to the mule in controversy, "that he had bought said mule for the plaintiff," were each illegal evidence. They were simply hearsay, being unsworn statements, and coming within no rule which allows statements made accompanying an act to be proved as part of the *res gestæ*. There was no act or fact being submitted to the jury, of which they were explanatory. Hence, if the objection had been made to these parts of the evidence, it would have been well taken.

2. The witness, however, had testified that, before the purchase of the mule, " he had counted out for plaintiff sixty-five dollars in currency." This was testimony tending to show she had that much money—tended to show her ability to purchase a mule ; and inasmuch as her alleged ownership of the mule was one of the disputed questions in the trial, this part of the evidence was properly admitted. The objection being general, and part of the evidence being legal, the Circuit Court committed no reversible error in overruling the objection to it.—1 Brick. Dig. 886, § 1186.

3. Declarations, made by a person in possession of personal property, explanatory of the possession, are admissible on the principle of *res gestæ*.—1 Brick. Dig. 943, § 558. We think the declaration of plaintiff, made to the witness Mitchell, when he took possession of the mule, "that it was her

mule," were admissible on this principle.—*McLemore v. Pink-ston*, 31 Ala. 266.

4. It is very clear that the earnings of the wife, unexplained, are the property of the husband; and if the husband be indebted, he can not give such earnings to the wife, to the prejudice of his existing creditors. Such gift, however, will be valid against subsequently contracted debts, unless it be tainted with fraudulent intent.—*Pinkston v. McLemore*, 31 Ala. 308; *McLemore v. Nuckolls*, 37 Ala. 662; 2 Brick. Dig. 73, § 66.

5. The charg enumbered 8 was rightly refused. It states, as one of its postulates, that Ned Blake, the husband, took the title of the mule "in his own name." There is no evidence in the record that he so took the title. When a charge is refused in the court below, the record must affirmatively show that there was some testimony in support of each hypothesis of fact contained in it; and, failing in any particular, we conclude the charge was refused because it was abstract.—1 Brick. Dig. 338, §§ 40-41.

6. Charges numbered 3 and 5 fall within the same principle. There is nothing in the bill of exceptions which tends to show that either of the witnesses, *in his testimony*, was "willfully false." If it be intended to assert that any willfully false statement, by a witness, though made out of court, raises the presumption invoked in the 3d charge asked, it fails to assert a correct legal proposition, and was rightly refused on that account. The record fails to inform us "that Mary Blake was aware of, or assented to the mortgage," and the 5th charge was rightfully refused on that account. There is no evidence in the record that Mary Blake knew the mule had been mortgaged, or, that when "she participated in the benefits arising from the mortgage of the mule," she was aware of the fact that the mule had been mortgaged to obtain them. For these reasons, charges 6 and 7 were rightfully refused.

7. Having possession of another's property, by his or her permission, does not confer the power to sell or mortgage such property. The 9th charge asked was properly refused.

8. The present action is for the recovery of a chattel in specie, instituted before a justice of the peace. The justice gave judgment for plaintiff, and ascertained the value of the mule to be sixty-five dollars. The extent of a justice's jurisdiction, in such actions as this, is fifty dollars.—Rev. Code, § 841. The case was tried on the merits before the justice, without plea to the jurisdiction. The defendant, by statutory *certiorari*, removed the case to the Circuit Court; and it was there tried on the plea of the general issue, and a ver-

(25)

dict and judgment rendered in favor of plaintiff, fixing the value of the mule at seventy dollars, with twenty dollars additional for the hire. The defendant thereupon moved in arrest of judgment, and to dismiss the cause, because the value of the mule in controversy exceeded the jurisdiction of the justice of the peace. The court granted the motion, but on terms which the defendant declined to accept.

Our decisions leave this question in much uncertainty. *Cothran v. Weir*, 3 Ala. 24, decides nothing material to our inquiry. *Bentley v. Wright*, 3 Ala. 607, declares that, "where a judgment is rendered by a justice of the peace, for a sum exceeding fifty dollars, which is removed by appeal to a higher tribunal, the appellate court should not, on motion, vacate the judgment, but the correct practice is to put the defendant to plead the want of jurisdiction in abatement." *Hart v. Turk*, 15 Ala. 675, asserts the same doctrine. So, also, *Rose v. Thompson*, 17 Ala. 628 ; *Vaughan v. Robinson*, 20 Ala. 229 ; *S. C.*, 22 Ala. 519 ; and *Crabtree v. Cliatt*, 22 Ala. 181. In the last case, the Circuit Court had sustained a demurrer to a plea in abatement, which asserted that the sum sued for before the justice exceeded fifty dollars; and this court reversed the decision of the Circuit Court.

In the case of *Pearce v. Pope*, 42 Ala. 319, the defendant demurred to the complaint filed in the Circuit Court, and assigned, as cause of demurrer, "that the justice of the peace had no jurisdiction of the amount for which suit was brought, and of the amount for which judgment was rendered." This court decided, that the demurrer was well taken, using the following language : "The want of jurisdiction in the justice appeared, both by the judgment, and on the face of the proceedings ; and it was not necessary that the appellee should have been put to his plea to the jurisdiction." *Crabtree v Cliatt, supra,* is cited in support of this view. With all proper deference, we are at a loss to perceive how the "judgment," and the "face of the proceedings" before the justice of the peace, were brought before the Circuit Court, on a demurrer to the complaint. That case must be overruled

Cases taken by appeal, or statutory *certiorari*, from justices' judgments to the Circuit Court, are, under our system, tried *de novo*, and "according to equity and justice, without regard to any defect in the summons, or other proceeding before the justice."—Rev. Code, § 2772 ; 1 Brick. Dig. 112, § 55. Cases thus carried to the Circuit Court, are there triable according to the jurisdiction of the latter court ; not upon the rulings of the justice who first heard and determined the cause. They are not reversed or remanded. The Circuit Court, in such cases, renders the judgment. Whether

[ Glaze v. Blake. ]

such judgment of the Circuit Court is in harmony with that of the justice, is, as a general rule, only material in the matter of costs. On principle, it would seem, that a plea in the Circuit Court, denying jurisdiction in the justice, is, under our statutes, rather an anomaly. It is not trying the case according to justice and equity, without regard to defects in the proceedings, as the statute commands.

There is a class of cases, where suits are brought in a justice's court, without the county or precinct in which the defendant resides. In such cases, if defense on this ground be made before the justice, it should be entertained there, and, being so made, will be entertained in the Circuit Court, if carried there by appeal. On the other hand, if such defense be not made before the justice, but trial be had there on the merits, this is treated as a waiver; and such defense will not be entertained, if pleaded for the first time in the Circuit Court.—See *McKinney v. Low*, 1 Por. 129; *Clough v. Johnson*, 9 Ala. 425; *Thompson v. Clopton*, 31 Ala. 647; *Gager v. Gordon*, 29 Ala. 344. These cases, we think, are analogous to the present one in principle, and furnish a very safe rule for our guidance. By applying it to the class of cases to which the one in hand belongs, we produce harmony of decision; a result at all times desirable, and, in the present instance, eminently satisfactory to us on principle. We therefore hold, that, if there be no plea to the jurisdiction in the justice's court, the question of want of jurisdiction in the justice, by reason of excess of value, or amount in controversy, can not be raised in the Circuit Court, when the case is carried to that court by appeal, or by statutory *certiorari*.

9. We have employed the term *statutory certiorari*. We do not doubt that, if a justice of the peace render judgment in a matter of which he has not jurisdiction, either by reason that the subject-matter, or the amount involved, is beyond the terms of the statutes defining his powers, such judgment may be vacated and quashed by writ of *certiorari* at common law, issuing out of the Circuit Court. Such cases, however, are tried alone on the papers, or *quasi* records; and, of course, this remedy can not be invoked, unless the papers themselves show the want of jurisdiction.

In the present case, the motion to dismiss, even under the most favorable of our former decisions, came too late, and it should have been denied, absolutely.

The judgment of the Circuit Court must be affirmed.