[Woolf v. McGaugh.]

# Woolf *r*. McGaugh.

## *Trespass.*

(Decided December 27, 1911.   Rehearing denied February 15, 1912.
57 South. 754.)

1. *Courts; Jurisdiction; Personal Action.*—In personal actions the jurisdiction depends upon the subject matter and the presence in court of the parties whose rights are to be affected by the judgment.

2. *Same; Inherent Power; Subject Matter.*—Since by the subject matter is meant the nature of the cause of action and of the relief sought jurisdiction thereof is acquired by the act creating the court, or its constitution only.

3. *Same; Jurisdiction of Person.*—Jurisdiction of the person is acquired by the court's own action such as its process regularly issued and served, or by the voluntary appearance of the party.

4. *Same; Local Action; Transitory Action.*—Where the cause of action can arise in one place only it is local, but if the cause of action is such a one as might have arisen anywhere, it is transitory.

5. *Same; Trespass.*—Actions for trespass to land are only for damages to be coerced by process against the effects of a defendant to be found within the state, and the title to land cannot be therein adjudicated and hence, such action is personal, and its inherent character as such determines the jurisdiction of the court as to the subject matter.

6. *Same; Personal Action; Waiver.*—In personal actions, territorial jurisdiction or venue may be waived.

7. *Same; Injuries to Realty.*—The general rule is that actions for injuries to realty must be brought in the forum rei sitae.

8. *Same; Subject Matter; Consent.*—Jurisdiction of the subject matter being derived only from the law, consent cannot confer jurisdiction.

9. *Same; Jurisdiction of Person.*—If the court has jurisdiction of the subject matter, the parties may confer jurisdiction by consent, or by voluntarily appearing and submitting themselves to the judgment.

10. *Same; Determination of Jurisdiction.*—Where it appears that judgment is asked in a cause which the court has no power to decide under any circumstances, the court should repudiate the action ex mero motu, as no plea is necessary to prevent the court proceeding to the rendition of a void judgment.

11. *Same; Statutory Provision; Waiver.*—The statutory provisions fixing the local jurisdiction in both law and equity courts may be waived by a failure to make timely objection.

12. *Venue; Trespass; Waiver of Objection.*—Where a party neglects to assert his rights within a reasonable time, having cause to set aside any process or proceeding, he waives the objection by such neglect, and the provisions of section 6110, Code 1907, fall within this rule.

13. *Justice of Peace; Trespass; Waiver of Jurisdiction.*—Where the action was brought in M. county for trespass to lands situated in L. county and no plea to the jurisdiction was interposed until after the cause had been twice continued, once at the plaintiff's instance and once by agreement of parties, and until after plaintiff had announced ready on the merits, the defendant waived his right to plead in abatement by his delay, notwithstanding the provisions of section 6110, Code 1907.

14. *Appeal and Error; Abatement; Plea; Abandonment.*—Where the right to plead in abatement in the justice court had been lost or abandoned, it cannot be revived by an appeal to the circuit court, on which appeal the case is governed by the provisions of section 4720, Code 1907.

APPEAL from Montgomery Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by B. Wolff and others, against Paul McGaugh, for damages for trespass to realty. Judgment for plaintiff in the justice court, and on appeal to the circuit court, defendant was allowed to file a plea to the jurisdiction, and plaintiff reserves the question. Reversed and remanded.

TYSON, WILSON & MARTIN, for appellant. The plea sought to be interposed merely challenged the jurisdiction of the court over the defendant, and not over the subject matter.—*Freeman v. McBroom,* 11 Ala. 493; *Branch Bank v. Rutledge,* 13 Ala. 196; *Thompson v. Clopton,* 31 Ala. 647; *Johnson v. Shaw,* 31 Ala. 592; *Noles v. Marrable,* 50 Ala. 366; *Home Protection v. Richards,* 74 Ala. 466; *Gay v. Brierfield C. Co.,* 94 Ala 303; S. C. 106 Ala. 622. By his action in the justice court, defendant waived the right to interpose on appeal to the circuit court his plea in abatement.—*Vaughn v. Robinson,* 22 Ala. 519; *Glaze v. Blake,* 56 Ala. 387; *Black v. Glenn,* 69 Ala. 121, and authorities supra; 22

E. & E. Enc. P. & P. 815. On these authorities section
6110, Code 1907, is a venue statute and nothing more.
See also *Southern Pac. v. Denton,* 146 U. S. 202. Wheth-
er the justice of peace was right or wrong in not per-
mitting defendant's plea in abatement, his action can-
not be reviewed on this appeal, but the defendant must
have recourse to some other mode of procedure.—*Wil-
son v. Collins,* 9 Ala. 127.

H. S. HOUGHTON, for appellee. The court had no
jurisdiction of the subject matter, and this appeared
from the face of the complaint.—21 Enc. P. & P. 792;
11 Cyc. 673; 1 Chitty 282; Sec. 6110, Code 1907. The
right to file the plea was determined by our court in the
case of *Karthaus .v. N. C. & St. L.,* 140 Ala. 433. The
same rule is stated in 11 Cyc. 673. Where want of
jurisdiction appears upon the face of the proceedings
demurrer will lie.—*Harwell v. Lehman Durr Co.,* 72
Ala. 344; *Lewis v. Elrod,* 38 Ala. 2; 22 Enc. P. & P.
813; 1 Chitty 290. It was within the discretion of the
court to permit the plea to be filed.—*Mosely v. The
State,* 11 Ala. 340; *Hawkins v. Armour P. Co.,* 105 Ala.
545. Counsel discuss authorities cited by appellant and
conclude that they are without application.

SAYRE, J.—In their complaint in this action, which
was begun before a justice of the peace in Montgomery
county, the plaintiffs claimed of the defendant "the
sum of $100 mesne profits as damages for a trespass
committed by him" on certain lands in Lowndes county,
"which are in the possession of the plaintiffs and upon
which the defendant unlawfully entered, thereby put-
ting a tenant upon said lands, renting the same out, and
collecting from said tenant said rents for the years
1906, 1907, 1908, and 1909." Judgment went for plain-

tiffs.   Upon appeal in the circuit court, the defendant offered to file a plea to the jurisdiction for that the suit was a suit for trespass to real estate situated in the county of Lowndes.   In suport of their objection to the filing of this plea plaintiffs showed to the court that the defendant had offered to file the plea in the court of original jurisdiction upon the trial of the cause, but that this offer had not been made until after the cause had been twice continued, once at the instance of the plaintiffs, and the second time by consent of the parties, and after plaintiffs had announced ready on the merits, and that the justice of the peace had declined to allow the plea to be filed.   The circuit court allowed the plea to be filed, and plaintiffs reserved the question.

It is suggested, and doubtless it was the case, that the court below was induced by the decision in *Karthaus v. N. C. & St. L. Ry. Co.*, 140 Ala. 433, 37 South. 268, to hold that the plea in question was a plea to the jurisdiction of the court over the subject-matter of the suit, and that the right to plead it could not be waived in any manner.   In that case the complaint contained counts in trover and trespass to realty.   The plea, addressed to the complaint as a whole, took the point that a suit for trespass to realty in Marshall county could not be maintained in the circuit court of Madison.   The language of the court indicates the opinion that a plea of that character went to the power of the court in such sort that, if the facts stated in the plea were true, any judgment which the court might have rendered in favor of the plaintiff on the count in trespass would have been a nullity. The specific ruling was that the judgment be reversed because the trial court refused plaintiff's offer to obviate the plea by striking the count in trespass, the court saying also that the plea was defective because not limited

in purpose to the quashing of the summons as to that count, all of which would have followed with equal propriety had the plea been considered as taking an objection which the defendant might have waived. While it seems therefore, that what was said in respect to the court's utter lack of power to render a judgment for the plaintiff, though no plea were interposed, went beyond the necessities of the case, it must be conceded that it was appropriately said, if sound in principle.

Jurisdiction in personal actions depends upon two elements: The subject-matter to be adjudged; the presence in court of the parties whose rights are to be affected by the judgment. In respect of subject-matter the court acquires jurisdiction by the act of its creation; it is inherent in the constitution of the court. The other element it acquires by its own act, by its process properly issued and served, or by voluntary appearance of the defendant.—*Lamar v. Commissioners' Court*, 21 Ala. 772. "By jurisdiction over the subject-matter is meant the nature of the cause of action and of the relief sought.—*Cooper v. Reynolds*, 10 Wall. 316, 19 L. Ed. 931.

Originally, venue entered into the question of jurisdiction in all cases, and all actions were local. This arose out of the nature of trial by jury in which the jurors, who were but witnesses, were taken from the vicinage because they were presumed to know the parties and the facts. Later, when it became necessary to meet the case of debtors who had learned to run away, transitory actions were invented. The courts finally settled upon this distinction: If the cause of action was one that might have arisen anywhere, then the action was transitory; but, if the cause of action could arise in one place only, then the action was local. Actions for trespass to land are still classed with local actions under

our statute, which provides that: "All actions for the recovery of land, or of the possession thereof, or for a trespass thereto, must be brought in the county where the land lies; a summons issuing contrary to this section must be abated on the plea of the defendant."— Code, § 6110. The rule of the common law concerning jurisdiction in local causes was based upon the theory that such actions, being in the nature of suits in rem, should be "prosecuted where the thing on which they were founded was situated."—*Casey v. Adams,* 102 U. S. 66, 26 L. Ed. 52. It may be true that the action of ejectment and the possessory actions partake of the nature of suits in rem for the reason that the court undertakes to deliver the land; but it is true in a limited way only, because those actions are prosecuted without a preliminary seizure of the subject-matter, and jurisdiction must be acquired by personal service upon the defendant.

It is not perceived, however, that an action to recover damages for trespass to realty partakes in any degree whatsoever of the nature of an action in rem. In trespass, in this state where the title to land cannot be adjudicated in the action of trespass, the whole prayer is for reparation in damages to be coerced by process against any effects of the defendant to be found within the state. Not being brought for the specific recovery of lands, tenements, or hereditaments, the action is personal.—3 Bouv. Inst. 2641; *Hall v. Decker,* 48 Me. 255; *Linscott v. Fuller,* 57 Me. 406. Inherently the action is personal, though the statute still leaves it in the same category as to venue with local actions. Its inherent character also determines the jurisdiction of the court as to subject-matter; its treatment as a local action, under the statutes, determines the territorial jurisdiction, the venue.

[Woolf v. McGaugh.]

Territorial jurisdiction, or venue, may be waived, at least in personal actions. In *Sentenis v. Ladew*, 140 N. Y. 463, 35 N. E. 650, 37 Am. St. Rep. 569, the plaintiffs impleaded the defendants in the Supreme Court for a trespass upon real property in the state of Tennessee. Plaintiffs defaulted, and there was judgment dismissing their complaint, with costs. Plaintiffs subsequently moved to set the judgment aside upon the ground that the court had no jurisdiction of the subject-matter of the suit, and could not, therefore, enter a valid judgment for the costs. The court recognized the general rule of law that actions for injuries to realty must be brought in the forum rei sitæ. But it said: "A party may waive a rule of the law or a statute, or even a constitutional provision enacted for his benefit or protection, where it is exclusively a matter of private right, and no considerations of public policy or morals are involved, and, having once done so, he cannot subsequently invoke its protection." The judgment was upheld. In *Little v. Chicago, etc., Ry. Co.*, 65 Minn. 48, 67 N. W. 846, 33 L. R. A. 423, 60 Am. St. Rep. 421, the action for trespass in another state was upheld notwithstanding the defendant's insistence to the contrary at the threshold of the case. But as to such a case the authorities are in conflict.—*Howard v. Ingersoll*, 23 Ala. 673; *Allin v. Connecticut River Lumber Co.*, 150 Mass. 560, 23 N. E. 581, 6 L. R. A. 416. This conflict in the cases does not involve the material point in the case at hand, for here an Alabama court was disposing of an asserted cause of action which arose in this state, if at all.

Consent cannot confer jurisdiction of the subject-matter, for that is derived from the law. But when a court has jurisdiction of the subject-matter, parties may confer jurisdiction of their persons by submitting them-

selves to its decisions. As was observed by BRICKELL, C. J., in *Ex parte Rice*, 102 Ala. 671, 15 South. 450, "there is a wide difference between conferring jurisdiction by consent, and consenting to something within the power of the court, deemed promotive of the convenience of the parties." And it was said to be a fixed rule of all courts that, where a party having cause to set aside any process or proceedings neglects to assert it within a reasonable time, the objection is thereby waived. The language of the statute fixing the venue of actions at law (Code, § 6110) indicates that it was framed in recognition of the view here expressed, for it makes error in laying the venue a matter for plea in abatement, thereby excluding the idea that it becomes the duty of the court in such case to repudiate the cause ex mero as is its duty whenever it appears that its judgment is asked in a case it has no power to decide under any circumstances. No plea can be necessary in order to prevent the court from proceeding to the rendition of a void judgment.

It has often been held by this court that the statutory provisions fixing the local jurisdiction in both law and equity courts might be waived by a failure to make timely objection. In *Freeman v. McBroom*, 11 Ala. 943, the defendants had answered without objecting that the bill was filed in an improper chancery district; but on that fact the chancellor based his decree that the court could not exercise jurisdiction in the cause. The decree was reversed; this court saying: "The objection at most is only in abatement of the suit, without denying to the complainant a right to the redress which he seeks. It applies to the locality of the jurisdiction whose powers are invoked, and not to the case itself, as one to which chancery should lend its aid. * * * It has frequently been held, in suits at law, that when the court has no

jurisdiction of the subject-matter in dispute, such want of jurisdiction cannot be waived by appearance, plea, consent, or in any other manner, and a judgment rendered in such case in favor of the plaintiff will be void. Yet where the court has jurisdiction of the subject-matter, but not of the person, such want of jurisdiction of the person may be waived by consent, or by plea to the merits, and cannot afterwards be asserted." This was a case in chancery; but like distinctions prevail in courts of law and equity, and there can be no sufficient reason why the statute fixing the venue of equity cases and requiring bills to be filed in the district in which the defendants or a material defendant resides, etc. (Code, § 3093), should be construed to be a venue statute merely, and a different construction placed upon section 6110 fixing the venue of action in courts of law. We cite some cases at law and in equity: *Freeman v. McBroom*, 11 Ala. 943; *Branch Bank v. Rutledge*, 13 Ala. 196; *Johnston v. Shaw*, 31 Ala. 592; *Thompson v. Clopton*, 31 Ala. 647; *Noles v. Marable*, 50 Ala. 366; *Glaze v. Blake*, 56 Ala. 387; *Home Protection Co. v. Richards*, 74 Ala. 466. This is the rule of the courts generally. "It may be stated as a general rule that the bringing of an action in an improper county is not a jurisdictional defect, where the court has general jurisdiction of the subject-matter, and the statutes fixing the venue in certain actions confer a mere personal privilege which may be waived by a failure to claim it in a proper manner and at the proper time."—22 Encyc. of Pl. & Pr. 815, 816, and notes, where many cases, including some of our own to which we have referred, are cited.

We are therefore of opinion that the courts of Montgomery county having jurisdiction of the subject-matter of that class of cases in which redress is sought for trespass to realty, the fact that the trespass in the particu-

lar case was committed in another county is made by the statute the basis of a personal privilege to have the suit brought in the county where the trespass occurred, which must be pleaded and may be waived. The plea interposed raised a question as to the manner of acquiring the right to exercise jurisdiction, rather than a question as to the court's jurisdiction of the subject-matter of the controversy.

Defendant (appellee), having been summoned to answer before the justice of the peace, failed to plead his privilege at the return term of the summons. There was one continuance at the instance of the plaintiffs, and another by consent of the parties. This, under the authority of our cases, was a waiver of the plea in abatement.—*Noles v. Marable, supra; Beck v. Glenn,* 69 Ala. 121. And the right to plead in abatement, having been once abandoned in the justice's court, cannot be revived by an appeal to the circuit court. On such appeal the case must be tried according to equity and justice, without regard to any defect in the summons, or other process, or proceedings before the justice.—Code, § 4720; *Thompson v. Clopton; Noles v. Marable, supra.* It may be that the justice of the peace had a discretion to allow the plea under the rule laid down in *Vaughan v. Robinson,* 22 Ala. 519, and *Hawkins v. Armour Packing Co.,* 105 Ala. 545, 17 South. 16; but that discretion, having been exercised against the defendant, could not be made the subject of review in the circuit court where the case stood for trial de novo. The plaintiffs, on the faith of the justice's ruling, had tried their case on the merits, and had gone to the circuit court prepared presumably to try their case again on the same issues. They had suffered delay, and it may be presumed had incurred costs in preparing for these different trials. These consequences must be charged, not to the ruling of the jus-

[Richardson, et al. v. Mertins.]

tice of the peace, for that cannot be said to have been erroneous, but to the defendant's original delay in filing his plea or making his dilatory defense known to the justice and the plaintiffs. At no point along the line does it appear that plaintiffs were in default. Under the circumstances, we think it must be held that the circuit court erroneously allowed the plea in abatement.

Reversed and remanded. All of the Justices concur, except DOWDELL, C. J., not sitting.