821 So.2d 246 (2001)
D.W.L. and D.L.[1]
v.
STATE.
CR-00-0928.
Court of Criminal Appeals of Alabama.
November 30, 2001.
Brian Combs and Bayne Smith, Piedmont, for appellants.
*247 Bill Pryor, atty. gen., and P. David Bjurberg, asst. atty. gen., for appellee.
COBB, Judge.
On December 5, 2000, the juvenile court in Cherokee County conducted a hearing on the charges against D.W.L. and his codefendant. D.W.L. admitted the allegations against him during the hearing, specifically that he and his codefendant had broken into the victims' house, had seriously damaged the house, and had destroyed the victims' personal belongings in the house. The juvenile court adjudicated him delinquent on the underlying charges of third-degree burglary and criminal mischief, violations of §§ 13A-7-7 and 13A-7-22, Ala.Code 1975, respectively. The hearing was continued in order for the parties to present evidence on the issue of restitution. On January 4, 2001, the juvenile court issued an order placing D.W.L. on indefinite probation and ordering D.W.L. and his codefendant to pay $7,000 in restitution. The juvenile court further ordered that D.W.L.'s father and the codefendant's parents pay $1,000 toward the $7,000 restitution. Neither D.W.L. nor his father filed any postjudgment motions. This appeal followed.[2]

I.
First, D.W.L.'s father argues that the juvenile court erroneously ordered him to pay $1,000 of the restitution without expressly declaring him to be a party to the proceedings. Specifically, D.W.L.'s father claims that the juvenile court did not have jurisdiction over him.
"In Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911), this Court set forth the two elements that are necessary for a trial court to obtain proper jurisdiction to try a case. The Court differentiated the two elements by making the following statements:
"`Jurisdiction in personal actions depends upon two elements: The subject-matter to be adjudged; the presence in court of the parties whose rights are to be affected by the judgment. In respect of subject-matter, the court acquires jurisdiction by the act of its creation; it is inherent in the constitution of the court. The other element it acquires by its own act, by its process properly issued and served, or by voluntary appearance of the defendant.
"175 Ala. at 303, 57 So. at 755."
Ex parte City of Dothan, 501 So.2d 1136, 1137 (Ala.1986). D.W.L.'s father presents arguments pertaining to the juvenile court's personal jurisdiction over him, the juvenile court's subject matter jurisdiction, and due process. We address each in turn.
To the extent that D.W.L.'s father argues that the juvenile court did not have personal jurisdiction over him, we note that the juvenile court did not issue an order specifically making D.W.L.'s father a party to the proceedings, which would have made him subject to an order to pay restitution under Rule 31(F), Ala. R. Juv. P. However, D.W.L.'s father never contested the juvenile court's jurisdiction over him at any point during or after the proceedings. Therefore, D.W.L.'s father has waived any argument concerning the juvenile court's personal jurisdiction over him. Ex parte Looney, 797 So.2d 427, 429 (Ala. 2001) ("A defendant can waive irregularities in a court's obtaining jurisdiction over him. Ross v. State, 529 So.2d 1074, 1078 *248 (Ala.Crim.App.1988) (quoting Sherrod v. State, 14 Ala.App. 57, 59-60, 71 So. 76, 78, rev'd on other grounds, 197 Ala. 286, 72 So. 540 (1916)).")
To the extent that D.W.L.'s father argues that the juvenile court did not have subject matter jurisdiction, although he did not object to the juvenile court's jurisdiction during the proceedings, "questions of subject matter jurisdiction are not waivable. Therefore, the lack of subject matter jurisdiction may be raised for the first time on appeal." Lancaster v. State, 638 So.2d 1370, 1372 (Ala.Crim.App.1993).
"If a child is found to be delinquent or in need of supervision, the court may ... [m]ake any other order as the court in its discretion shall deem to be for the welfare and best interests of the child, including ... restitution against the parent, guardian, or child, as the court deems appropriate.... Restitution against the parent, guardian, or child shall be governed by the same principles applicable in Article 4A of Chapter 18 of Title 15 (commencing at Section 15-18-65)."
§ 12-15-71(c)(4), Ala.Code 1975. Therefore, assessing restitution against the parent of a child is within the subject matter jurisdiction of the juvenile court. This claim is thus without merit.
D.W.L.'s father also argues that restitution was levied against him without providing him adequate due process, specifically that the juvenile court did not provide notice to him that he would be made a party to the proceedings. Because this argument was not presented to the juvenile court, it has not been preserved for appellate review. Hansen v. State, 598 So.2d 1, 2 (Ala.Crim.App.1991) ("Even constitutional issues must first be correctly raised in the trial court before they will be considered on appeal. Cagle v. State, 504 So.2d 1225 (Ala.Cr.App.1987).").
Moreover, the juvenile court provided sufficient due process. The juvenile court included the following notice at the foot of the petitions against D.W.L., as required by Rule 31(B), Ala. R. Juv. P.:
"* * * NOTICE * * * A PARENT OR GUARDIAN OF THE CHILD CAN BE MADE A PARTY TO THIS CASE PURSUANT TO 12-15-31(5), CODE OF ALABAMA, 1975. A PERSON MADE A PARTY TO THIS CASE MAY BE REQUIRED TO PAY ATTORNEY FEES, TO PAY FOR EVALUATION AND TREATMENT, TO PAY FINES, COURT COST, AND RESTITUTION, AND TO PAY FOR CARE, SUPPORT AND SUPERVISION OF THE CHILD. A PERSON MADE A PARTY MAY BE SUBJECT TO OTHER THINGS ALSO. FAILURE TO COMPLY WITH THE ORDERS OF THE COURT CAN RESULT IN CONTEMPT PROCEEDINGS AND FAILURE TO MAKE PAYMENTS ORDERED CAN RESULT IN A CIVIL JUDGMENT FOR THE COLLECTION OF THE PAYMENTS ORDERED."
Immediately after D.W.L. and his codefendant admitted to the court that they had vandalized the victims' house, the juvenile court held a hearing to determine the amount of restitution owed to the victims. During the hearing, the victims testified about the value of the destroyed property, D.W.L.'s attorney cross-examined the witnesses, and D.W.L. and his codefendant testified. The State presented, without objection, photographs depicting the extent of, and the maliciousness underlying, the damage to the victims' property and the loss of all of the victims' possessions. The due process afforded D.W.L.'s father in this case put him on notice of his potential *249 liability in the case and provided him with a forum for presenting evidence to rebut the testimony regarding the value of the property destroyed by D.W.L. and his codefendant. See generally Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Therefore, his claim is without merit.
Certainly the better practice is to join the parents by explicit order explaining to the parents their potential liability under §§ 12-15-71(c)(4) and 12-15-11, Ala.Code 1975, as prescribed by the Rules of Juvenile Procedure:
"When a petition is filed at intake or at any time during the course of a juvenile proceeding, any interested persons may make a motion to join a parent or a guardian; upon such a motion the court may issue an order making the parent or guardian a party. Also, at any time during the juvenile proceeding, the court may, on its own motion, issue an order making a parent or a guardian a party to the proceeding.
". . . .
"During any juvenile proceeding, the court may issue an order making the parent or guardian a party to the proceeding; upon issuing such an order, the court shall inform the parent or guardian of his or her rights. The parent or guardian's joinder as a party makes the parent or guardian subject to orders to pay attorney fees; to pay for evaluation and treatment; to pay fines, court costs, and restitution; and to pay for the care, support, and supervision of the child. A parent or guardian made a party to the proceeding may be subject to other things also."
Rule 31(c) and (f), Ala. R. Juv. P. We encourage this practice and note that, had D.W.L.'s father preserved his argument regarding the juvenile court's personal jurisdiction over him, we would have reversed the juvenile court's judgment and remanded the case because it is the parent's joinder as a party to the proceedings that makes him subject to the juvenile court's orders.

II.
D.W.L. argues that the juvenile court abused its discretion by ordering restitution in the amount of $7,000. D.W.L. did not present this claim to the juvenile court. Therefore, he has not preserved it for appellate review. See Gladden v. State, 644 So.2d 1267 (Ala.Crim. App.1993) (citing Ex parte Clare, 456 So.2d 357 (Ala.1984), for the proposition that a motion to reconsider is sufficient to preserve the issue of the amount of restitution); Briggs v. State, 549 So.2d 155, 161 (Ala.Crim.App.1989) (the appellant's argument that the restitution amount was too high was not preserved for appellate review because "no objection was made by the appellant as to the amount of restitution claimed, either before or after the restitution hearing ... not even a general objection"). See also Eddins v. State, 501 So.2d 574, 578 (Ala.Crim.App.1986) (no specific form of objection is required to preserve the argument that the amount of restitution is too high); Ex parte Clare, 456 So.2d 357, 359 (Ala.1984) ("Defendant's counsel made known to the court his disagreement with the State concerning the amount of restitution, and this was enough in this instance to preserve the issue for review.").
For the above-stated reasons, the judgment of the juvenile court is affirmed.
AFFIRMED.
McMILLAN, P.J., and SHAW and WISE, JJ., concur.
BASCHAB, J., dissents, with opinion.
*250 BASCHAB, Judge (dissenting).
For the reasons set forth below, I must respectfully dissent from the majority's opinion.
First, the majority incorrectly concludes that the juvenile court had jurisdiction to order the appellant's father to pay restitution in this case. Rule 31(F), Ala. R. Juv. P., specifically states, in pertinent part, that "[t]he parent['s] ... joinder as a party makes the parent ... subject to orders to pay ... restitution." As the majority notes, the juvenile court did not order that the appellant's father be made a party to the proceeding. Because the juvenile court did not follow the procedure set forth in Rule 31, Ala. R. Juv. P., for making a parent a party to a juvenile proceeding, that court did not have jurisdiction to order the appellant's father to pay restitution in this case. To hold otherwise would allow courts to hold a person responsible for acts with which he has not been properly charged.
Second, the majority incorrectly concludes that "[t]he due process afforded [the appellant's] father in this case put him on notice of his potential liability in the case and provided him with a forum for presenting evidence to rebut the testimony regarding the value of the property destroyed by [the appellant] and his codefendant." Although the petitions against the appellant included a notice that a parent could be made a party to the proceeding and could be ordered to pay restitution, the juvenile court did not ever actually make the appellant's father a party to the proceeding. Also, during the restitution hearing, the juvenile court did not indicate that it was going to order the appellant's father to pay restitution. Nevertheless, when it issued its order nearly one month later, it ordered the appellant's father to pay $1,000 in restitution. Under these facts, the juvenile court did not afford the appellant's father due process.
For the above-stated reasons, I would reverse that portion of the juvenile court's order that requires the appellant's father to pay restitution in this case.
NOTES
[1] D.L. is D.W.L.'s father. The notice of appeal states that both D.W.L. and D.L. are appealing the judgment of the juvenile court. D.L. appeals from that portion of the juvenile court's judgment ordering him to pay part of the restitution assessed against his son.
[2] On October 29, 2001, in response to an order from this Court, the circuit court certified the record as adequate for purposes of appeal pursuant to Rule 28(A)(1), Ala. R. Juv. P.