## Campbell v. W. M. Ritter Lumber Company.

(Decided October 18, 1910.)

### Appeal from Pike Circuit Court.

1. Landlord and Tenant—Action for Waste—Venue of Action.—In an action by a landlord against his tenant for waste, in violation of his contract, like a cause of action for other violations of a contract, it follows the person and may be sued on wherever he may be found.

2.  Same—Duty of Tenant—Care Required.—Where a lumber company took possession of the property of another, it held it as tenant, and the law imposed on it the duty to take ordinary care of the property, and it is bound to turn it over to the landlord at the end of its term in as good condition as it found it (ordinary wear and tear excepted), so far as it could be done by ordinary care.

8.  Same—Liability of Landlord for Acts of Servants.—It is the duty of a tenant to see that his servants using the landlord's property do not injure it.  His servants hold under him, and he is responsible for the use of the property by those to whom he had intrusted it.

BUTLER & MOORE for appellant.

AUXIER, HARMAN & FRANCIS for appellees.

Opinion of the Court by Judge Hobson—Reversing.

On April 12, 1905, A. W. Campbell and John S. Dotson, entered into a written contract with the W. M. Ritter Lumber Company, by which they sold it certain standing timber trees on a tract of land in Buchanan county, Virginia.  By the written contract the lumber company was given the right to use all the buildings and improvements then on the land, that had been used by the Pawpaw Lumber Company up to that time.  But it was provided that in no event were these buildings to be used for a longer period than six years from the date of the contract.  After the contract was made, the lumber company went upon the land, and began to remove the timber, and put its servants in the houses referred to, and while so in possession of the property destroyed three of the houses by tearing them down, and moving them from the premises; it also destroyed the partitions, doors and windows of some of the other houses.  On December 17, 1909, Campbell filed his petition in the Pike circuit court, in which he alleged the foregoing facts, and prayed judgment against the lumber company for $500 for the injury to the houses, which were his property. Dotson, who had no interest in the houses, was made a defendant to the action, as he was a party to the contract. The circuit court sustained a general demurrer to the petition, upon the ground that the land lying in Virginia, no action may be maintained here, for an injury to it.

It has been held in a number of cases that an action of tort cannot be maintained in one state to recover damages for trespasses on land in another state.  (See

Cooley on Torts, p. 901, second edition, and cases cited.)
The rule appears to have been first announced in Eng-
land in Doulson v. Matthews, 4 T. R. 503, decided in 1792,
and this case has been followed in a number of decisions
in this country.    In section 2418, Ky. Stats., it is pro-
vided that the decisions of the courts of Great Britain
rendered since July 4, 1776, shall not be binding author-
ity in the courts of this state. By an act of the Virginia
Convention of 1776, the common law of England, includ-
ing all statutes made in aid of it prior to the fourth year
of the reign of James I. (March 24, 1607), was continued
in force, except as far as it was altered by the Legisla-
ture of the state.    This act is in force in Kentucky by vir-
tue of section  233, of  the Constitution.    (See  Ray v.
Sweeney, 14 Bush, 1.)    As late as 1774, in Mastyn v.
Fabrigas, 1 Cowp. 161, Lord Mansfield said:

"Can it be doubted that actions may be maintained
here not only upon contracts, which follow the person,
but for injuries done by subject to subject; especially
for injuries where the whole that is prayed is a repar-
ation in damages or satisfaction to be made by process
against the person or his effects within the jurisdiction
of the court?"

We need not consider in this case whether the rule
laid down in Doulson v. Matthews is in force in Ken-
tucky. . This is an action upon a contract; and undoubted-
ly the cause of action upon a contract follows the person,
and may be brought where he may be found.    Thus it
has been held that an action may be brought in Kentucky
for the rescission or specific execution of a contract re-
lating to land, although the land lies in another state.
(Kendrick v. Wheatley, 3 Dana 34; Williams v. Carter,
3 Dana 198.)    So an action to compel a conveyance of
land may be brought in Kentucky although the land lies
elsewhere.    Dicken v. Kink, 3 J. J. M. 591; McQuerry v.
Gilliland, 89 Ky. 434; and so an action to set aside a
fraudulent conveyance of land may be brought in one
state, although the land lies in another. (Johnson v. Gib-
son, 116 Ill., 294.)

The foundation of the rule declared in Doulson v.
Matthews would seem to be that only the courts where
the land lies have jurisdiction over it or the title to it,
and that where the title to land is involved this can best
be settled in the courts of the country where it lies; so
it has been held that the rule does not apply where the

gravamen of the action is negligence. (Home Ins. Co. v. Penn. R. R. Co., 11 Hun. 182; Barney v. Burstenbinder, 7 Lans. 210; Railroad Co. v. Weeks, 13 Lee, 148.) The gist of the action here is the breach of a contract; and for this breach of the contract damages may be recovered in the courts of this state, regardless of the location of the land, as to which the contract was broken.

The rule deducible from the decisions seems to be that where the land lies in another state, the judgment of the court cannot directly act upon the title to the land, or affect it; but that judgments imposing a mere personal obligation enforcible by attachment execution and the like, where they do not operate directly upon the property, are valid. (Carpenter v. Strange, 141 U. S. 105; Lindley v. O'Reilly, 7 Am. St. R. 802; Newton v. Bronson, 67 Am. Dec. 88, and notes 95-106; Vaught v. Meador, 86 Am. St. R. 908; Schmaltz v. York Mfg. Co., 93 Am. St. R., 782, 23 Cyc. 1548-49.) While there is conflict in the decisions as to the conclusiveness of a judgment rendered in one state directing or setting aside a conveyance of land lying in another state, there seems to be no conflict in the authorities on the other proposition above stated.

A tenant cannot deny his landlord's title. No question as to the title to the land is to be settled in the action. The tenant was rightfully in possession. The action is not brought to recover for trespasses on land. It is simply an action by the lessor against the lessee on the lease to recover for waste by the lessee in violation of his contract. Like a cause of action for other violations of contract, it follows the person and may be sued on where he may be found.

When the Ritter Lumber Company took possession of the property under the written contract, it held as tenant, and the law imposed upon it the duty to take ordinary care of the property. It was bound to turn over the property at the end of its term in as good condition as when it received it (ordinary wear and tear excepted), so far as this could be done by ordinary care. When it put its servants in the houses, the servants held under it. It was its duty to see that its servants did not injure the houses that it had rented. The servants held under it; and it was responsible for the use of the property it had rented, by those to whom it entrusted the property.

Judgment reversed and cause remanded, with directions to the circuit court to overrule the demurrer to the

plaintiff's petition, and for further proceedings consistent herewith.