CLARA E. HERZOG, *Appellant*, v. TRUST COMPANY OF EASTON, *et al.*, *Appellees*.

## Opinion Filled January 27, 1914.

1. As the statutes afford no rule for determining by what "act and operation of law" a will of real estate may be revoked, the rules of the common law must be applied.

2. At common law marriage alone did not cause a revocation by operation of law of a prenuptial will of a man, the wife having her dower rights, notwithstanding the will.

3. Under the laws of this State the wife's statutory dower rights in her husband's property are not only superior to the husband's will, but those statutory dower rights are more liberal to the widow than were the common law dower rights.

4. As a widow is liberally provided for by her statutory rights in her husband's estate, which she may have notwithstanding the execution of a will by a husband, whether executed before

or ofter the marriage, there is no good reason for a judicial change of the common law rule that marriage alone does not cause a revocation of a man's will, when the rule has not been changed by statute.

Appealed from Circuit Court for Duval County; George Couper Gibbs, Judge.

Decree affirmed.

*Kay* & *Doggett,* for Appellant;

*Marks, Marks* & *Holt,* for Appellees.

WHITFIELD, J.—Clara E. Herzog presented to the County Judge of Duval County, Florida, a petition alleging, in effect, that in September, 1907, Charles Herzog, a non-resident of this State, made his last will and testament disposing of all his property; that on August 18, 1908, said Clara and Charles were married and they continued as husband and wife till the death of Charles, March 15, 1911; that the will executed in 1907, was, after the death of the testator, admitted to record in Duval county, it having previously been probated in Pennsylvania; that there were no other heirs of said Charles Herzog at the time of his death except his said wife Clara; that said will should not have been probated as it is void because made before his marriage and no provision whatever having been made in the will for the said wife Clara. It was prayed that the record of the will be set aside and revoked. A demurrer to the petition was sustained and the petition denied by the County Judge. This action was affirmed by the Circuit Court, and an appeal was taken to this court as allowed by law.

The question to be determined is whether the marriage of a man by operation of law revokes a will previously made by him not in contemplation of marriage, where no

child is born of the marriage and he dies leaving no children, but a widow. Wills of real estate may be revoked "by the act and operation of law." Sec. 2273 Gen. Stats. of 1906. As the statutes afford no rule for determining by what "act and operation of law" a will of real estate may be revoked, the rules of the common law must be applied. Colcord v. Conroy, 40 Fla. 97, 23 South. Rep. 561; Easterlin v. Easterlin, 62 Fla. 468, 56 South. Rep. 688.

At common law marriage alone did not cause a revocation by operation of law of a prenuptial will. of a man, the wife having her dower rights, notwithstanding the will. 40 Cyc. 1200; Hoy v. Hoy, 93 Miss. 732; 48 South. Rep. 903, 25 L. R. A. (N. S.) 182, 17 Ann. Cas. 1137; Hulett v. Carey, 66 Minn. 327, 69 N. W. Rep. 31, 34 L. R. A. 384, 61 Am. St. Rep. 419. See also notes in 80 Am. Dec. 517, and 28 Am. St. Rep. 359.

Under the laws of this State the wife's statutory dower rights in her. husband's property are not only superior to the husband's will, but those statutory dower rights are more liberal to the widow than were the common law dower rights

The statutes provide that "when any person shall die intestate, or shall make his last will and testament and not therein make any express provision for his wife by giving and devising unto her such part or parcel of real and personal estate as shall be fully satisfactory to her, such widow may signify her dissent thereto" and "she will be entitled to dower" in one-third of his lands, tenements and hereditaments during her life, "in which said third part shall be comprehended the dwelling house" in which her husband lived "together with the offices, outhouses, buildings and other improvements thereunto belonging or appeartaining," if no injustice is

thereby done to the children or other heirs; provided, "such widow shall be entitled to such part not less than one-third part" of such dwelling and appurtenances. And in such cases, if there be no children, or if there be but one child, the widow shall be entitled to one-half of the husband's personalty; but if there be more than one child, she shall be entitled to one-third part of the personality in fee simple, and such claim shall have preference over all others, and shall be free from all liability for the debts of the decedent. "In all cases in which a widow of a deceased person shall be entitled dower, she may elect to take in lieu thereof a child's part."

The widow may claim her very liberal statutory dower rights as against the husband's will whether he left a child or not, and whether the will was executed before or after the marriage. An estate may be involved in debt so that the statutory dower rights which the widow may elect to take would be more valuable than the entire estate.

At common law the wife was not an heir of the husband, nor was the husband an heir of the wife. The statute takes away the husband's common law right to curtesy in his wife's estate and in lieu thereof makes the husband an heir of the wife. An heir may be excluded by will from participation in the testator's estate.

The statutes do not take away the wife's dower, but makes more liberal provision for dower rights than existed at common law, and also gives the widow the privilege of election between dower and a child's part. A will cannot exclude the widow from her statutory rights in her husband's estate. See Secs. 2295, 2306, 2307, 2308, 2309 Gen. Stats. of 1906.

As a widow is liberally provided for by her statutory rights in her husband's estate, which she may have not-

withstanding the execution of a will by the husband, whether executed before or after the marriage, there is no good reason for a judicial change of the common law rule that marriage alone does not cause a revocation of a man's will, when the rule has not been changed by statute. As no child was born of the marriage, the case is not within the common law rule of revocation by operation of law applied in Belton v. Summer, 31 Fla. 139, 12 South. Rep. 371.

No question as to rights in a *homestead* is involved here.

Nothing here said conflicts with the rule in this State as to marriage of a *woman* causing a revocation of her prenuptial will as adjudicated in Colcord v. Conroy, 40 Fla. 97, 23 South. Rep. 561.

The decree appealed from is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.