**BALLARD v. HELBURN, Collector.**
No. 1206.

District Court, W. D. Kentucky.
May 12, 1933.

On Motion for New Trial Jan. 4, 1934.

Peter, Lee, Tabb, Krieger & Heyburn, of Louisville, Ky., and Miller & Chevalier, of Washington, D. C., for plaintiff.

T. J. Sparks, U. S. Atty., and Frank A. Ropke, Asst. U. S. Atty., both of Louisville, Ky., for defendant.

DAWSON, District Judge.

This is a suit to recover federal estate taxes, claimed to have been illegally exacted.

The plaintiff is the widow of S. Thruston Ballard, formerly a wealthy citizen of Louisville, who died testate on January 18, 1926. By his will, his wife, the plaintiff, was named executrix, and, with the exception of a few special bequests, she was named the sole beneficiary of the estate.

Plaintiff's action is based upon the claim that, in arriving at the gross estate owned by her husband at the time of his death, the Commissioner erroneously valued 63¼ shares of stock in Ballard & Ballard Company at $9,000 per share, instead of at $4,000 per share, claimed by her to be its true value; improperly included in the gross estate $171,865.33, representing the proceeds of eleven life insurance policies taken out by decedent upon his own life, less the $40,000 statutory exemption, and $190,000, representing the value of certain Kentucky and Florida real estate which the plaintiff claimed was not subject to the tax.

By stipulation, the parties have agreed that the fair value of the Ballard & Ballard Company stock at the time of its owner's death was $7,000 per share; so that item calls for no further consideration.

I think it quite clear, under the authorities, that the value of the Kentucky and Florida real estate was erroneously included in the gross estate.

Section 302 of the applicable statute (Revenue Act of 1924, 26 USCA § 1094 note) in part reads:

"Sec. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate."

In the case of Crooks v. Harrelson, 282 U. S. 55, 51 S. Ct. 49, 50, 75 L. Ed. 156, the Supreme Court, in construing an identical provision of the Revenue Act of 1918, said: "The meaning of the provision in question, considered by itself, does not seem to us to be doubtful. The value of the interest of the decedent is not to be included unless it 'is subject to the payment of the charges against his estate and the expenses of its administration'—not one or the other, but both."

This ruling is conclusive of the meaning of the quoted section of the act of 1924. At common law, the real estate of a decedent cannot be sold merely to pay the expenses of administration. The common law, except as modified by statute, is in force in Kentucky. Section 233, Kentucky Constitution; Nider v. Commonwealth, 140 Ky. 684, 131 S. W. 1024, Ann. Cas. 1913E, 1246; Campbell v. W. M. Ritter Lumber Co., 140 Ky. 312, 131 S. W. 20, 140 Am. St. Rep. 385. Likewise, by the provisions of Florida Comp. Gen. Laws 1927, § 87 (Gen. St. 1906, § 59), the common and statute laws of England of a general nature, down to the 4th day of July, 1776, not inconsistent with the Constitution and laws of the United States and of the state of Florida, are declared to be in force in that state. I have been unable to find, and my attention has not been called to, any provision of the law of Kentucky or of Florida modifying the common-law rule. So the common-law rule must be accepted as controlling in this matter.

The contention of the defendant that the dower interest of Mrs. Ballard in this real estate is taxable is obviously without merit. No dower interest passed to Mrs. Ballard. The position of devisee and doweress are inconsistent. She must either take what her husband devised her or what the law gives her, and, under the Kentucky Statute (section 1404), she is given twelve months within which to make the decision. As I view the law, her husband's will vested the real estate in her immediately upon his death, subject to her right to surrender her title under the will and claim under the law. This she did not do. Therefore her title under the will to the real estate dates from the death of her husband, and no dower interest ever passed to her.

As to the insurance policies, a more difficult question is presented. Each of the pol-

icies involved was taken out by the insured prior to 1924. During the months of August and September, 1924, by proper request to the insurer and by indorsement made by the respective companies on the policies, the beneficiary in each of the policies, with the exception of two issued by the New York Life Insurance Company, was declared to be Sunshine H. Ballard, wife, if living; otherwise Mary Ballard Morton, daughter, if living; if not, then the estate of the insured. In each such designation the insured either expressly waived his right to further change the beneficiary, or the policy was silent on the subject, which in law is equivalent to a waiver.

While in the designation of the beneficiary in policies Nos. 118721 for $5,000 and 896560 for $42,500, each issued by the Mutual Benefit Life Insurance Company, the insured did not reserve the right to change the beneficiary, he did expressly reserve the right to procure loans from the company upon the security of the policy and to surrender the policy according to its terms without the consent of the beneficiary. In the two policies issued by the New York Life Insurance Company, the estate of the insured was originally designated as beneficiary, but in August, 1924, each of these policies was properly assigned to Sunshine H. Ballard, wife, and, in event of her prior death, to Mary Ballard Morton, daughter, and, in event of the prior death of both, then to the estate of the insured.

The right of the plaintiff to have the value of these policies excluded from the gross estate of decedent, in computing the estate tax, depends upon the application of section 302 (g) of the Revenue Act of 1924 (26 USCA § 1094 note). This provision declares that there shall be included in the gross estate for estate tax purposes the proceeds of insurance policies "to the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

The language of this provision is all-inclusive, and, interpreted literally, embraces the proceeds of all insurance policies taken out by the decedent upon his own life, irrespective of whether taken out before the effective date of the act, and without regard to whether the insured retained any control over or interest in the proceeds of the policies. Subdivision (h), 26 USCA § 1094 note, expressly provides that subdivision (g) shall apply whether the insurance was taken out before or after the enactment of the act.

Construction of prior Revenue Acts by the Supreme Court satisfies me, however, that the statute cannot be given the broad sweep its language implies. Lewellyn v. Frick, 268 U. S. 238, 45 S. Ct. 487, 69 L. Ed. 934; Nichols v. Coolidge, 274 U. S. 531, 47 S. Ct. 710, 71 L. Ed. 1184, 52 A. L. R. 1081; Chase National Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 127, 73 L. Ed. 405, 63 A. L. R. 388; Reinecke v. Northern Trust Co., 278 U. S. 339, 49 S. Ct. 123, 73 L. Ed. 410, 66 A. L. R. 397; Saltonstall v. Saltonstall, 276 U. S. 260, 48 S. Ct. 225, 72 L. Ed. 565; and Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, are all helpful in applying the statute to the case at hand. From these authorities I deduce that, if an insured retained in himself to the date of his death any power of control over the proceeds of a life insurance policy or any substantially beneficial interest in same, the termination of this power of control or beneficial interest by death results in such a shifting of economic benefits from the dead to the living and in such a ripening of property rights in the beneficiary as to constitutionally bring the proceeds of such a policy within the ambit of section 302 (g). See, particularly, Chase National Bank v. United States, supra; Tyler v. United States, supra. Conversely, I think the foregoing authorities, by inescapable inference, establish that, if the insured prior to his death had parted with all power of control over, and beneficial interest in, the proceeds of the policy, then his death did not result in any such shifting of economic benefits or in any such enlargement of the rights of the beneficiary as to subject the proceeds to estate taxation under the section here involved.

Guided by this rule, I think it quite clear that the proceeds of the Mutual Benefit Life Insurance Company's policies Nos. 118721 and 896560 were subject to the estate tax. The insured, it is true, had no right to change the beneficiary, but he did have the right to borrow on these two policies and to pledge them as security for the loan and the right to surrender them and collect the cash surrender value thereof, if any, without the consent of the beneficiary. As pointed out in Chase National Bank v. United States, supra, this power "* * * is by no

means the least substantial of the legal incidents of ownership, and its termination at his death so as to free the beneficiaries of the policy from the possibility of its exercise would seem to be no less a transfer within the reach of the taxing power than a transfer effected in other ways through death."

I do not think the proceeds of the other policies were taxable. Having surrendered the power of revocation of the beneficiary in all but two of them, and having irrevocably assigned those two, the insured had no control whatever over the proceeds of the policies and no beneficial interest in them, except the very remote contingent interest depending upon the beneficiaries both dying before he did. They did not die before he did, and therefore at his death his estate took no interest in the proceeds. The policies now under discussion did not expressly nor by implication reserve to the insured the right to claim the loan or surrender values without the consent of the beneficiary, and by the overwhelming weight of the authorities he could not surrender these policies for the cash surrender value, or secure a loan on them, without the consent of the beneficiary. No control of his over the proceeds and benefits of the policies was terminated by his death. His control had already been terminated by his voluntary act in irrevocably assigning two of them, and by irrevocably designating Mrs. Ballard as beneficiary in the others. Nor can it be said that any interest in the proceeds passed at his death from the insured to the beneficiary. Her interest in the proceeds had already vested by virtue of the assignment of two of the policies and by virtue of designation as beneficiary in the others. His death in no way enlarged her interest. It simply wiped out his remote contingent interest in the proceeds. Her title to the proceeds of the policies no more had its source in his death than the title of a remainderman has its source in the death of a life tenant.

Counsel may prepare and submit for entry findings of fact and judgment in harmony with this opinion.

## On Motion for New Trial.

This case is before me on defendant's motion for a new trial.

On the original hearing I delivered a written opinion, and I do not deem it necessary to further discuss any of the questions involved, except the contention of the defendant that I was in error in holding that the dower interest of the plaintiff in Kentucky and Florida real estate was not subject to the transfer tax. It is suggested by the defendant that I entirely overlooked or ignored that section 302 of the Revenue Act of 1924 (26 USCA § 1094 note) subjects to the transfer tax the widow's dower interest in the deceased husband's real estate. In this the defendant is in error. I was fully cognizant of the fact that the statute so provides, but it was then, and still is, my view that the statute has no application in this case. It must always be borne in mind that the tax we are dealing with is a transfer tax. That is to say, it is a tax on the privilege of transferring the property of the decedent at death, measured by the value of the interest transferred, or which is enlarged at death. In this case, the widow having accepted the provisions of the will, no dower interest ever passed to her. It is well settled in Kentucky that, where the widow elects to take under the will, instead of dower under the statute, the property she thus takes is in lieu of dower, and is received by her subject to the debts of her husband, and she cannot claim either dower or homestead in such property against his creditors. Under this rule, where the widow takes under the will, all the property is viewed as passing from her husband under the will. No part of it is viewed as dower passing under the statute. The rule in Kentucky seems to be the general rule, and, in the absence of any showing to the contrary, I shall accept it as the controlling rule in Florida.

As I conclude that no dower interest passed to the plaintiff upon the death of her husband, there was no transfer upon which the tax could be based.

The motion and grounds for a new trial will be overruled.