HENDERSON et al. v. UNITED STATES.
No. 43183.

Court of Claims.
March 1, 1937.

resident of the state of Florida, who died in 1925, leaving his last will and testament which was duly admitted to probate, in which he named his two sons and his widow as sole devisees and legatees. The estate has been fully administered and settled and the executor has been discharged. During the administration of the estate the executor duly filed a federal estate tax return and paid the federal estate tax determined to be due thereon. Included in the estate tax return were certain parcels of real estate situated in the state of Florida which the Commissioner determined had a value of $460,-389.99, and upon this valuation the estate tax was paid. Subsequently the executor filed two · claims for refund upon the ground that all real property located in the state of Florida should be excluded from gross estate in the computation of the estate tax liability. Upon final consideration of the refund claims, the Commissioner of Internal Revenue excluded from the gross estate the sum of $306,-926.66 as not taxable but included an interest of the widow in the sum of $153,-463.33 (being a child's part), as taxable under the provisions of section 302 (b) of the Revenue Act of 1924 (26 U.S.C.A. § 411 note), and made a refund to the executor of the said estate, in accordance with his decision, together with interest thereon.

The widow of the decedent did not renounce the will nor did she elect to take dower or a child's part in the estate of her husband. This suit is brought for the purpose of recovering the estate tax alleged to have been overpaid due to the inclusion in gross estate by the Commissioner of Internal Revenue of the value of the widow's interest in the real estate of decedent and which the Commissioner has determined to be a child's share which she might have elected to take in lieu of dower.

Both parties are agreed that the Commissioner was correct in excluding the value of two-thirds of the real estate under the decision of Crooks v. Harrelson et al., 282 U.S. 55, 51 S.Ct. 49, 75 L. Ed. 156, which construed subdivision (a) of section 302 of the Revenue Act of 1924 (26 U.S.C.A. § 411 note), and which held that real estate of a decedent which was not subject to the payment of administrative expenses could not be included in gross estate for estate tax purposes.

William S. Hammers, of Washington, D. C., for plaintiffs.

Guy Patten, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

WHALEY, Judge.

The plaintiffs are the beneficiaries and distributees of Parker A. Henderson, a

406

And the Commissioner properly held that Florida real estate comes within that category.

The basis of the Commissioner's action is section 302 (a) and (b) of the Revenue Act of 1924 (26 U.S.C.A. § 411 note), which reads as follows:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

"(a) To the extent of the interest therein of the decedent at the time of his death which after his death is subject to the payment of the charges against his estate and the expenses of its administration and is subject to distribution as part of his estate;

"(b) To the extent of any interest therein of the surviving spouse, existing at the time of the decedent's death as dower, curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy."

·The present controversy involves the construction of subdivision· (b) under which the Commissioner included the value of one-third of the real estate on the ground that under the Florida laws the widow had a dower interest in such property existing at the time of the decedent's death and under the statutory law of Florida there was created an estate in lieu of dower which gave the surviving spouse a right of election to take a child's part, and therefore a child's part, which in this case was one-third of the real estate in fee, should be included in the gross estate.

■ The plaintiffs contend that under the provisions of the decedent's will, under which the widow took, the widow was not "endowed with an interest in the property at the time of decedent's death," that "no dower interest comes into being" under such circumstances, and that accordingly no amount should be included in the gross estate on account of the dower interest. This raises the question whether the dower rights of the widow, as provided by the common and statutory laws of Florida, ever took effect where the widow acquiesced in the provisions made for her by the last will of the decedent. Florida is a common-law state. Section 71, Revised General Statutes of Florida 1920 (section 87 of Comp.Gen.Laws 1927),

and Revised General Statutes of Florida 1920, §§ 3629, 3630, and 3632 (Comp.Gen. Laws 1927, §§ 5493, 5494, 5496), provide as follows:

"71. *Common law and certain statutes declared in force.*—The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, be, and the same are hereby declared to be of force in this State: Provided, The said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature· of this State."

"3629. *Dower in lands provided for.*— When any person shall die intestate, or shall make his last will and testament, and not therein make any express provision for his wife by giving and devising unto her such part or parcel of real and personal estate as shall be fully satisfactory to her, such widow may signify her dissent thereto in the circuit or county judge's court of the county wherein she resides at any time within one year after the probate of such will; and then in that case she will be entitled to dower in the following manner, to-wit: One-third part of all the lands, tenements and hereditaments of which her husband died seized and possessed, or had before conveyed whereof she had not relinquished her right of dower as provided by law, which said third part shall be and enure to her proper use and behoof in and during the term of her natural life. In which said third part shall be comprehended the dwelling house in which her husband shall have been accustomed most generally to· dwell next before his death, together with the offices, out-houses, buildings and other *improvements* thereunto belonging or appertaining. If, however, it should appear to the judge of the court to which application is made that the whole of the· said dwelling house, out-houses, buildings, and other improvements thereunto appertaining cannot be applied to the use of the widow without manifest injustice to the children or other heirs, then such widow shall be entitled to such part, not less than one-third part, as the court may deem reasonable and just."

"3630. *Dower in personalty provided for.*—When a husband shall die intestate, or shall make his last will and testament and not make provisions therein for his·

wife, as expressed in Section 3629, she shall be entitled to a share in the personal estate in the following manner, to-wit: If there be no children, or if there be but one child, she shall be entitled to one-half; but if there be more than one child, she shall be entitled to one-third part in fee simple, and such claim shall have preference over all others, and the said share shall be free from all liability for the debts of the decedent."

"3632. *The widow's election as to child's part.—*

"1. *Provision For.—*In all cases in which the widow of a deceased person shall be entitled to dower, she may elect to take in lieu thereof a child's part.

"2. *Time Of.—*Such election shall be made within twelve months after the probate of the will or granting letters of administration or she shall be confined to her dower.

"3. *Effect of the Election.—*If a widow take dower she shall be entitled only to a life estate in the real property, to return at her death to the estate of her deceased husband for distribution; if she takes a child's part, she shall have in the property set apart to her a fee simple estate in the real property, and an absolute right to the personal property set apart to her, with power to control or dispose of the same by will, deed or otherwise."

There are other provisions for the release of dower by a married woman by separate deed or a joint deed and the manner in which such acknowledgment shall be taken. The decisions of the courts of Florida show that dower has long been recognized as incident to the marriage relation and attaches upon coverture; that it "is a title inchoate and not consummate until the death of the husband, but it is an interest which attaches on the land as soon as there is the concurrence of marriage and seizin" (4 Kent 50), and that "A right to dower is an interest contingent during the life of the husband, but rendered absolute by his death." Smith et al. v. Hines, 10 Fla. 258, 282, 283. In Rain v. Roper, 15 Fla. 121, 126, it is said: "The widow is entitled to a dower of the lands of which the husband was 'seized and possessed' during coverture, unless his seisin be defeated." In Herzog v. Trust Company of Easton, 67 Fla. 54, 56, 64 So. 426, Ann.Cas.1917A, 201, the court says:

"Under the laws of this state the wife's statutory dower rights in her husband's property are not only superior to the husband's will, but those statutory dower rights are more liberal to the widow than were the common-law dower rights. * * * The statutes [of Florida] do not take away the wife's dower, but make more liberal provision for dower rights than existed at common law, and also give the widow the privilege of election between dower and a child's part. A will cannot exclude the widow from her statutory rights in her husband's estate."

It is apparent that, both by the statutes of Florida and the decisions of the courts of that state, the right of dower exists in Florida real estate to the widow of the deceased. Under section 3629 the right is given to the widow to renounce the will and take a dower interest in lieu of that provided in the will. This provision gives a widow the right of election, but in order for her to renounce the will and take a dower interest, or to take under the will and not the dower interest provided by the statute, there must be some action, expressed or implied, on her part. The mere fact that she ultimately takes under the will, rather than statutory dower, does not alter the fact that there existed at the time of the husband's death the right of dower which could be resorted to by the widow at any time within one year after the probate of the will. In the instant case, the decedent made provision for his wife in his will and she has acquiesced in the provision made for her by her deceased husband. This acquiescence is tantamount to an implied election to take under the will as against her statutory dower rights. Nevertheless, in our opinion, the statutory dower right attached immediately upon the death of the decedent and was only devested when the widow acquiesced in the provisions of the will and thereby exercised the right of election between the will and her statutory dower rights.

It is this dower interest which section 302 (b), supra, seeks to reach and which provides for the inclusion in the gross estate "of any interest therein of the surviving spouse, *existing at the time of the decedent's death as dower."* (Italics ours.) This dower interest which existed at death, not that arising after death by an election to take under the will or election to take a child's part, is what

should be included in gross estate, regardless of what the later election might be. A like conclusion was reached in Crooks v. Loose (C.C.A.) 36 F.(2d) 571 and Scott v. Commissioner (C.C.A.) 69 F.(2d) 444, 445, 92 A.L.R. 531 (involving Missouri real estate), and Tait v. Safe Deposit & Trust Co. (C.C.A.) 70 F.(2d) 79, 81 (involving Maryland real estate). Our attention has been brought by the plaintiff to the case of Ballard v. Helburn (D.C.) 9 F.Supp. 812, affirmed (C.C.A.) 85 F.(2d) 613. Suffice it to say that this case involves primarily the construction of the laws of Kentucky and only incidentally the laws of Florida. The court based its conclusion on the rule laid down by the Kentucky courts and stated "in the absence of any showing to the contrary, I shall accept it [the Kentucky rule] as the controlling rule in Florida." We are satisfied that, under the statutes and decisions of Florida, a dower interest existed in the decedent's real estate at the time of his death and the value of such interest only should accordingly be included in the gross estate for estate tax purposes. The determination of the Commissioner up to this point was correct but in his decision he went a step further. He included the child's part in lieu of dower. The statutes give the widow the right to make this election and she did not make it, and therefore a child's part was never involved or included. The right to a child's part did not exist at the time of the decedent's death; it only could come into existence after the exercise by the widow of her right of election which was never made by her. In this connection the observations of the court in Tait v. Safe Deposit & Trust Co., supra, where a dower interest instead of a child's part was included, are in point:

"In my opinion it was the legislative intent by (b) to tax only the inchoate interest of the surviving spouse which existed during the decedent's life, made consummate by the latter's death; and not the interest created after death by an election to take as heir. This construction is consistent with the true nature of the tax as recently emphasized—that is a death duty, rather than a succession or legacy tax. Y. M. C. A. v. Davis, 264 U. S. 47, 50, 44 S.Ct. 291, 68 L.Ed. 558; Tyler v. United States, 281 U.S. 497, 502, 50 S.Ct. 356, 74 L.Ed. 991, 69 A.L.R. 758. In Maryland, common-law dower, as still preserved, alone meets this test. In other states where common-law dower has been abolished, the statutory estate in lieu of dower may also meet the test. But it is unreasonable to infer that Congress meant to tax in one state either common-law dower or a larger statutory estate. And such construction would introduce an uncertainty or ambiguity which under familiar principles affecting taxing statutes would have to be solved in favor of the taxpayer. Crooks v. Harrelson, 282 U.S. 55, 61, 51 S.Ct. 49, 75 L.Ed. 156; Gould v. Gould, 245 U.S. 151, 153, 38 S.Ct. 53, 62 L.Ed. 211."

The record establishes the value of a child's part which was included in gross estate by the Commissioner, but it fails to show the smaller interest in the form of dower which should have been included in lieu thereof.

Judgment in favor of plaintiffs will be suspended pending a submission by the parties of the correct value of such interest and the amount of refund to which plaintiffs are entitled by reason of the reduction in the value of the interest in the real estate which is to be included in the gross estate. In determining the amount of the refund consideration should also be given to an item of $4,583.33 which the parties have stipulated was erroneously excluded by the Commissioner from the decedent's gross estate on account of certain parcels of jointly owned real estate.

It is so ordered.