71 P.(2d) 1032

**In re LEWIS' WILL.**

**WAGNER v. THORNTON.**

No. 4254.

Supreme Court of New Mexico.

Sept. 23, 1937.

Juan A. A. Sedillo and R. P. Fullerton, both of Santa Fé, for appellant.

. Herbert K. Greer and B. P. Wood, both of Santa Fé, for Robert P. Lewis, and Robert L. Thornton.

BRICE, Justice.

The only question is whether the will of a man is revoked by his subsequent marriage from which there was no issue.

There is no dispute about the facts, which are substantially as follows: Robert

S. Lewis died the 16th day of June, 1935, leaving a will dated August 10, 1934, under the terms of which his only child, Robert P. Lewis, 2d, was bequeathed $10 and the appellant (his sister) the residue of his estate. On the 4th day of June, 1935, deceased married Irene Barger Lewis, who as his wife survived him. The mother of Robert P. Lewis, 2d, had been divorced by deceased prior to the making of the will. All of the property involved was the separate estate of the deceased Robert S. Lewis, except $200 which was community property of the deceased and his wife, Irene Barger Lewis. All of the estate of the deceased excepting about $400 is an interest in the estate of Ella M. Hilliard, deceased, who at the time of her death was a resident of Clinton, Conn.; and her estate consists of real estate and personal property in the State of Connecticut, now in course of administration in that state.

This case originated in the probate court of Santa Fé county by the filing of a petition by Irene Barger Lewis, widow of the deceased, for the appointment of Robert L. Thornton, administrator of the estate of Robert S. Lewis, deceased, to whom letters of administration were issued by the probate court. It was alleged in the petition (to which the will was attached) that such will was of no force and effect. On the 25th day of February, 1936, appellant filed her petition in the same cause, for probate of the will of deceased, removal of the administrator, and appointment of an administrator with the will annexed. This petition was heard the 6th day of April,

1936, and dismissed; and from the order of dismissal an appeal was taken to the district court. The parties stipulated that the order of dismissal should be taken as equivalent to an indorsement on the will that it had been held invalid by the probate court. The district court concluded that deceased's marriage revoked the will, and dismissed appellant's petition; from which order this appeal has been prosecuted.

It is unnecessary now to go deeply into this controversial question. The law has been settled in this state for more than thirty years.

The question was before this court in Re Teopfer's Estate, 12 N.M. 372, 78 P. 53, 55, 67 L.R.A. 315; the facts in which were: Mina Toepfer, an unmarried woman, made a will devising her property to her sister and others, subsequent to which she married, and thereafter died leaving her husband surviving her, but no children. The question was whether her marriage revoked the will. After holding that a will could be revoked by operation of law, the court said:

"All of the states, so far as we have been able to discover, which hold that the marriage of a woman does not set aside a will made before such marriage, make such holding on the ground that the law amply provides for the survivor; but in those jurisdictions where the husband and wife are heir to each other, in the event of no children being born, the rule is generally held to be that marriage works such a change in the condition and circumstances

of the testator as to revoke a will made prior to such marriage. It is presumed that the intent of the testator was that such a will should not take effect upon the happening of such a contingency. We do not think that the mere marriage of a woman would set aside her will, but it is the coming of a new heir; for under the laws of this territory, by marriage not only does a man or woman get a wife or husband, but also an heir.

"We think that under the laws of this territory by which the surviving spouse is the heir to the other in the event of no children being born of the marriage and no valid will being made during coverture, that the common law is so altered that on marriage the antenuptial will of a husband would be set aside as well as that of his wife, and that both of them are now on the same footing. Marriage and the coming in of an heir to all the property works such a natural change in the testator's condition that it is not to be expected that the devise was made in view of such changed conditions."

The contention is that in so far as this applies to a man's will it is dictum. That under the common law a woman's will made prior to marriage was absolutely void, whereas that of a man was void only in case there was issue of the marriage.

It is held, in substance, in the Teopfer Case that the revocation of wills under the common law was the effect of law and not the law itself. The rule adopted by the Territorial Supreme Court, and which we have quoted, goes deeper than the mere holding that a will made by a woman, who subsequently marries, is revoked by such marriage.

It is, that by marriage in the territory the testator not only acquired a new spouse but a new heir, which so changed his or her condition and circumstances that it created a presumption of the testator's intention that the will should be revoked upon the happening of such contingency. That, as under the territorial statutes the law of property and inheritances made no distinction between the rights of husbands and wives, the reason for the common-law distinction had disappeared. The rule adopted necessarily applied to both husbands and wives and was therefore not dictum.

Under the laws of the State of New Mexico, the husband, and wife, as to property rights and inheritances (except as to community property), are placed in identically the same situation. Upon marriage each is an heir to the other. The effect of the rule adopted in the Teopfer Case is that a will made prior to marriage by either husband or wife is revoked by marriage because of the advent of a new heir who is entitled to share in the property of the other upon his or her decease. It operates the same whether the testator is a husband or wife.

This has become a rule of property in this state, acquiesced in by the nonaction of the Legislature for more than thirty years, and for this reason, if no other, it will be adhered to. It is supported by Morgan v. Ireland, et al., 1 Idaho 786; Brown v. Scherrer, 5 Colo.App. 255, 38

P. 427; Tyler v. Tyler, 19 Ill. 151, and other authorities.

The principal cases cited, opposing the view adopted by the Territorial Supreme Court, are: In re Estate of Hulett, 66 Minn. 327, 69 N.W. 31, 34 L.R.A. 384, 61 Am.St.Rep. 419; Hoy v. Hoy, 93 Miss. 732, 48 So. 903, 25 L.R.A.(N.S.) 182, 136 Am.St.Rep. 548, 17 Ann.Cas. 1137; In re Adler's Estate, 52 Wash. 539, 100 P. 1019; Herzog v. Trust Co. et al., 67 Fla. 54, 64 So. 426, Ann.Cas.1917A, 201. The New Mexico and other cases we have cited supporting the rule here adopted, are usually distinguished in the cases opposing the rule, because of the difference in the statutes regarding property rights and inheritances.

The judgment of the district court is affirmed.

It is so ordered.

HUDSPETH, C. J., and SADLER, BICKLEY, and ZINN, JJ., concur.