WRIGHT, Presiding Judge.
This is an appeal from the Circuit Court of Escambia County wherein the trial court granted a motion to dismiss for lack of subject matter jurisdiction. The only issue presented by this appeal is whether the *879 Circuit Court of Escambia County has subject matter jurisdiction.
Jernigan and Carter (plaintiffs) filed a complaint alleging negligence by Teledyne in the conducting of seismic tests, resulting in damage to real property owned by them in Escambia County, Florida. Teledyne moved to dismiss for lack of subject matter jurisdiction. The motion was granted. Plaintiffs moved to reconsider and filed an amendment charging breach of an oral contract. The court denied the Motion for Reconsideration and entered a lengthy judgment of dismissal of the complaint as amended.
The amended complaint contains a claim for negligent injury by defendant to real estate located in Florida. It also claims damages for breach of an oral contract between plaintiffs and defendant entered into in Alabama. The first claim states a cause of action in tort. The second claim states a cause of action for breach of contract. Even if the first claim is classified as an action for damages for trespass to land, our supreme court has held as long ago as 1911, in the case of Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911), that such action is a personal one. In a personal action for damages only, jurisdiction of the court is acquired by personal service upon the defendant. This is opposed to actions in rem in which the nature of the action relates to seizure, control or delivery of the land. As pointed out in Woolf, subject matter jurisdiction does not relate to statutory territorial jurisdiction or venue. § 6-3-2, Code 1975. The issue of venue is not present in this case.
The parties stipulated and the trial court noted in its extended judgment that defendant Teledyne is a foreign corporation doing business in Escambia County, Alabama. There is no question that Teledyne is subject to suit there, § 6-3-7, Code 1975, and was properly served under Rule 4.2, A.R.Civ.P.
What we have said as to the claim for negligence applies even more clearly to the claim of breach of contract. Woolf distinguished transitory actions from local actions as follows:
“If the cause of action was one that might have arisen anywhere, then the action was transitory; but, if the cause of action could arise in one place only, then the action was local.” 175 Ala. at 303, 57 So. 754.
There can be no serious question that an action seeking damages for a breach of contract is transitory and may be brought at any place the defendant may be properly served with process, subject to transfer only upon a proper plea of venue. Jordan v. Guaranty Pest Control, Inc., 292 Ala. 601, 298 So.2d 244 (1974). The incidental involvement of real estate in such action does not affect the transitory nature. 20 Am. Jur.2d Courts § 127. The breach complained of here is the failure to pay damages as agreed. The fact that the damages resulted from injury to the land is incidental.
Thus it is required that we find that the trial court erred in holding it to be without subject matter jurisdiction and granting defendant’s motion to dismiss the suit. The case must be reversed and remanded for reinstatement of plaintiffs’ complaint.
The court briefly takes note of the extended observations of the respected trial judge in his judgment. We particularly note that he disagrees with our decision in the case of Garrett v. Key Ford, Inc., 403 So.2d 923 (Ala.Civ.App.1981). We accept his right to express his disagreement. However, it must be said that the pivotal issue in that case is entirely different from the pivotal issue in this one. Key was concerned with in personam jurisdiction, and this case with subject matter jurisdiction. The “long-arm” statute is not an issue in this case.
It appears that the problem which concerns the learned judge is that of the difficulty of trying cases in a circuit adjoining another state. This is a problem common to all border, near-border or even hinterland circuits in this day of a nomadic society with means of rapid transportation. To aid *880 in that problem, there have been provided rules of discovery and enforcement which are reasonably uniform through all the states. Chapt. V, A.R.Civ.P. The proper use of these rules, together with other means of obtaining credible testimony of witnesses, seems to this court to enable a court or jury to receive sufficient evidence (or lack of it) to reach a fair judgment.
REVERSED AND REMANDED WITH DIRECTION.
BRADLEY and HOLMES, JJ., concur.