FAULKNER, Justice.
The plaintiffs, Jernigan and Carter, were joint owners of a parcel of real estate located about eight miles south of the Alabama border in Florida. Teledyne Exploration was a foreign corporation qualified to do business in Alabama. A representative of Teledyne at Teledyne’s office in Foley, Alabama, called Jernigan at his home in Brew-ton, Alabama, to request that Teledyne be allowed to enter the property in Florida in *881 order to conduct tests there in connection with oil and gas exploration. During a subsequent telephone conversation an agreement was reached whereby Teledyne was allowed to conduct the seismic tests. The plaintiffs alleged that in exchange for their permission to conduct the tests on their property Teledyne agreed to pay the plaintiffs “the same tree damage as Container Corporation” was paid when similar tests were conducted on its property.
Following the completion of the tests a dispute arose as to the amount of damages owed by Teledyne to the plaintiffs. The original complaint alleged negligence in the conducting of the seismic operations. The trial court dismissed the complaint on the grounds that it lacked subject matter jurisdiction, the court being of the opinion that the action for damages ex delicto to the real property in Florida was not transitory. The plaintiffs then amended their complaint to allege a breach of contract based on the telephone conversations which took place in Alabama. In a lengthy order citing its inability to compel the appearance of witnesses to the alleged damage in Florida, the trial court dismissed plaintiffs’ amended complaint. The Court of Civil Appeals reversed. We granted certiorari to review the decision of the Court of Civil Appeals that the Alabama courts may exercise subject matter jurisdiction.
As a general rule courts have jurisdiction over a “transitory” action irrespective of where the cause of action arose, so long as the court has personal jurisdiction over the defendant. “Local” actions, however, must be brought in the jurisdiction where the action arose. The distinction between transitory and local actions in American jurisprudence originated in Livingston v. Jefferson, 1 Brock 203, Fed.Cas. No. 8411 (1811). Livingston brought suit against Thomas Jefferson for trespass by Jefferson’s agents on land in Louisiana. Chief Justice Marshall, sitting as a circuit court justice, reluctantly adopted the rule of English common law whereby courts took jurisdiction over actions based on personal torts or contracts wherever service was perfected on the defendant, but exercised jurisdiction over actions for trespass to real property only when the property was located within the court’s jurisdiction. See Annot., 42 A.L.R. 196, 200-201 (1926). The rule was a vestige of the practice in England of select ing a jury from the community where the action arose on the assumption that the jury would be familiar with the parties and the facts of the case. Woolf v. McGaugh, 175 Ala. 299, 57 So. 754, 755 (1911). Although the rule has been abrogated or abolished in some jurisdictions, actions involving title to real estate, actions for injunc-tive relief to stop injury to real estate, or actions seeking damages for trespass or waste are usually classed as “local.” French v. Glinchfield Coal Co., 407 F.Supp. 13, 16 n. 7 (Del.1976) (citing numerous cases). See also, Annot., 30 A.L.R.2d 1219 (1953); Annot., 42 A.L.R. 196 (1926). Actions based on contracts, however, are transitory even where real property is involved. See 20 Am.Jur.2d Courts § 127 (1965).
The rule was criticized in the decision which adopted it, Livingston, supra, and was abolished by statute in England in 1873. Little v. Chicago, St. R, M.O. Ry. Co., 65 Minn. 48, 67 N.W. 846, 847 (1896). Much of the criticism directed toward the rule involved situations where the court with exclusive jurisdiction over the subject matter could not obtain jurisdiction over the defendant. In Reasor Hill Corp. v. Harrison, 220 Ark. 521, 249 S.W.2d 994 (1952), the owner of real property in Missouri whose cotton crop had been damaged when sprayed with insecticide sought to maintain a claim against the manufacturer of the insecticide, an Arkansas corporation which was not amenable to service of process in Missouri. In ruling that the Arkansas court should entertain the action for damages to real estate in Missouri, the Supreme Court of Arkansas stated:
“The truth is that the majority rule has no basis in logic or equity and rests solely upon English cases that were decided before America was discovered and in circumstances that are not even comparable *882 to those existing in our Union. Basic principles of justice demand that wrongs should not go unredressed. Our own Bill of Rights puts the matter well enough: ‘Every person is entitled to a certain remedy in the laws for all injuries or wrongs he may receive in his person, property or character.’ Ark. Const., Art. 2, § 13. If Barton has been wronged he should have a remedy; to deny it is to encourage skepticism as to the ability of the courts to do their duty. Under the majority rule we should have to tell Barton that he would have been much better off had the petitioner stolen his cotton outright instead of merely damaging it. And the only reason we could give for this unfortunate situation would be that English juries in the thirteenth century were expected to have personal knowledge of the disputes presented to them. We prefer to afford this litigant his day in court.”
Reasor-Hill Corp., supra, 249 S.W.2d at 996.
The defendant relied primarily on Howard v. Ingersoll, 17 Ala. 780 (1850), to support its position that the action was local. In that case the plaintiff’s mill on the Chat-tahoochie River was damaged when the defendant built a dam downstream. The mill was located between the low and high water marks on the west side of the river. The case turned on the issue of whether the mill was located in Alabama or in Georgia. This court stated that if the mill was situated in Georgia the plaintiff’s action would not lie in Alabama because “all actions or suits to recover land, or to recover damages for injuries done to land, or real property, must be brought in the courts of the country in which the land is situated.” Howard, supra at 787-788; rev’d on other grounds 13 How. 381, 14 L.Ed. 189 (U.S.1851), on remand 23 Ala. 673 (1853).
The amended complaint contained one count for negligence and one count for breach of contract. To support its conclusion that the action for negligent damage to the property was transitory, the Court of Civil Appeals relied on Woolf v. McGaugh, 175 Ala. 299, 57 So. 754 (1911). Woolf involved a venue question where trespass was committed in another county within Alabama. Based on a statement in Woolf to the effect that under Alabama law an action for trespass to real estate is a “personal” action, the court below concluded that, even “if the first claim is classified as an action for damages for trespass to land ... such [an] action is a personal one” and, therefore, transitory. Jernigan v. Teledyne Exploration, [1982] 436 So.2d 878 (Ala.Civ. App.1982).
As to the claim for breach of contract, the Court of Civil Appeals ruled that actions seeking damages for breach of contract are transitory and may be brought wherever the defendant is amenable to service of process. Jernigan, supra. In support of that proposition the plaintiffs cited us to Campbell v. W.M. Ritter Lumber Co., 140 Ky. 312, 131 S.W. 20 (1910). In Campbell the court ruled that where a tenant entered real property under the terms of a contract and committed waste in violation of the agreement the action based on breach of contract could be brought wherever the defendant could be found.
With regard to the count for breach of contract we agree with the Court of Civil Appeals that the action is transitory, because it was an action ex contractu. Contract actions are generally considered transitory even where damage to real property is involved. Campbell, supra; 20 Am.Jur.2d, Courts § 127 (1965).
With regard to the tort-based claim, we note that the evidence is undisputed that the defendant went onto the property and performed the tests with the plaintiffs’ consent. Therefore, although the Court of Civil Appeals based its decision as to the negligence count on an assumption that trespass actions are transitory, we deem it unnecessary to reach the issue of whether Alabama courts can entertain trespass actions for injuries to land in Florida.
We are aware that some courts have specifically rejected the position that actions for injury to real estate are transitory where the gravamen of the action is negligence. See, e.g. Brisbane v. Pennsylvania *883 R. Co., 205 N.Y. 431, 98 N.E. 752 (1912). The count for breach of contract, however, was clearly transitory and it is our opinion that, under the facts of this case, the negligence count did not destroy the transitory nature of the suit. See French v. Clinchfield Coal Co., 407 F.Supp. 13, 15-17 (Del. 1976). It would be going too far to rule that all actions for damage, ex delicto, to real property are “local.” This action is not one which is clearly and traditionally classed as local. It does not involve questions of title, does not seek injunctive relief, and does not claim damages for waste or trespass. In light of the well-reasoned criticism to the rule expressed by the authorities, we deem it appropriate to limit application of the rule to those cases where the underlying issues make application of the rule reasonable.
In its order the trial court expressed reservations about trying the action because witnesses in Florida cannot be compelled to appear. That problem is inherent in any action, “local” or “transitory,” involving events of an interstate character. A Flori- • da court trying this case would be at the same disadvantage with regard to witnesses to the negotiation or execution of the alleged oral contract in Alabama as our courts would be at with regard to witnesses to the alleged damage in Florida.
The decision of the Court of Civil Appeals is hereby affirmed.
AFFIRMED.
MADDOX, JONES, ALMON, SHORES, EMBRY, BEATTY and ADAMS, JJ., concur.
TORBERT, C.J., not sitting.